*Litchfield,*
June, 1852.

Calhoun
*v.*
Terry Porter
& Co.

---

## NETTLETON *against* GRIDLEY.

The mere submission to arbitration of the matters in controversy, involved in an action pending in court, does not operate as a discontinuance of the suit. Therefore, where the parties to an action of trover, during its pendency in court, by a submission in writing, submitted said action and the matters

therein at issue, to the arbitrament of three persons, without any provision in the submission, that the award might be made by a less number than the whole; and an award was made, by two of the arbitrators, without the concurrence, and with the express dissent, of the third; it was held, 1. that the award so made was void; 2. that the submission did not operate as a discontinuance of the suit in court.

In the *English* courts, a discontinuance—either voluntary, or involuntary—is a matter of *practice* only.

THIS was a motion to the superior court, for a discontinuance of the action, then pending. The nature of the action and the circumstances in which the motion was made, sufficiently appear from the motion itself, which was as follows.

"Superior Court, *February* term, 1852.
Action of trover.

*Mary Nettleton*
v.
*Amos A. Gridley.*

The defendant now, at this term of the court, moves, that said action be discontinued, and the defendant be no longer held to answer thereto; because he says, that said action was brought to the *August* term, 1850, of this court, and from thence, by regular continuances, to this term; and that, on the 15th day of *January*, 1852, the plaintiff and defendant, by their submission in writing, of that date, submitted said action and the matters therein at issue, to the final award, arbitrament and decision of *John H. Hubbard*, *Elijah Sherman*, and *Silas Hoadley*, to be heard by them, at the dwelling-house of *Bela Seymour*, in *Watertown*, on the 26th day of *January*, 1852, at 9 *A. M.*, with power to adjourn from time to time, if it should be necessary, provided they made their final award before the 25th day of *February*, then next; and for the purpose of enforcing and carrying out said award, the plaintiff executed her note, dated *January* 15th, 1852, for one hundred dollars, payable to the defendant, on demand; and the defendant, with *Leman W. Cutler*, executed their joint note, dated *January* 15th, 1852, for three hundred and fifty dollars, payable to the plaintiff two years from *January* 26th, 1852, with interest from the 1st day of *March*, then next; which said notes were placed in the hands of said arbitrators, with power given to them in said submission, after hearing the parties, to indorse down, deliver over, and give up the note or notes, to either party, as they should deem

legal and just, for the purpose of enforcing their said award. And said arbitrators accepted said trust, and met the parties, at the time and place named in said submission; and they were fully heard thereon; and on the 3d day of *February*, 1852, a majority of said arbitrators, *viz. John H. Hubbard,* and *Elijah Sherman*, made and published their award in writing, in the premises, to the plaintiff and defendant, awarding, that the plaintiff recover of the defendant, upon the matters in said submission, the sum of 291 dollars, 58 cents, damages, and 33 dollars, 83 cents, the costs of said arbitration, making in all the sum of 325 dollars, 41 cents; and pursuant to said submission, endorsed on said note of the defendant and *L. W. Cutler*, in their hands, the sum of 24 dollars, 59 cents, leaving due on said note said sum of 325 dollars, 41 cents, so awarded by them to the plaintiff, and then delivered said note, so indorsed down, with the said note of the plaintiff, to the defendant, together with said submission, and their said award thereon, to the plaintiff. To which said award and said indorsement and delivery of said note of the defendant and said *Cutler*, to the plaintiff, the other arbitrator, *Silas Hoadley*, by his indorsement in writing on said award, dissented and disagreed therefrom. And said submission, award and proceedings thereon have never been revoked, reversed, set aside, or vacated, but are now in as full force as when said submission, award and endorsement and delivery over of said notes were made as aforesaid. All which he is ready to verify. Wherefore, the defendant moves the court, that said action be discontinued, and he no longer be held to answer thereto."

To this motion there was a demurrer.

The court reserved the question what decision should be made on such motion, for the advice of this court.

*Curtis* and *Buel*, in support of the motion, contended, That the *submission* of the cause, while pending in court, by the parties, without rule of court, and without providing that judgment should be entered upon the award, was a discontinuance of the suit. They remarked, first, that where the submission is by rule of court, it is not a discontinuance. Secondly, where the submission is made *by the parties*, with a provision that the cause shall be continued, and the award

*Litchfield,*
June, 1852.

Nettleton
*v.*
Gridley.

of the arbitrators to be the rule of damages, and judgment to be entered upon the award, it is not a discontinuance. But thirdly, where the *submission* is made by the parties, by their own voluntary act, and without any provision for the future action of the court, it is a discontinuance ; and that, whether the submission proves valid or invalid. *Camp* v. *Root*, 18 *Johns. R.* 22. Ex parte *Wright*, 6 *Cowen*, 399. *The People* v. *Onondaga Common Pleas*, 1 *Wend.* 314. *Larkin* v. *Robbins*, 2 *Wend.* 505. *Town* v. *Wilcox*, 12 *Wend.* 503. *Green* v. *Patchen*, 13 *Wend.* 294. *Jewell* & al. v. *Blankenship*, 10 *Yerger*, 439. *Rogers* v. *Noll*, 6 *Humph.* 29. *Saffle* v. *Cox*, 9 *Humph.* 142. *Bean* & al. v. *Parker* & al. 17 *Mass. R.* 591.

After the parties had submitted this suit and the matters therein at issue, to the arbitrators named therein, in manner and form as by the submission appears,—fixed the time of hearing, and made all the provisions they saw fit,—where was this suit pending ? before the arbitrators, or before the superior court ? In the first place, the parties had entire controul of this matter. They brought it into court, and they could take it away ; and it was not in the power of the court to prevent it. Secondly, could it be pending before the arbitrators, when the parties had vested them with the entire and absolute jurisdiction of the cause, and at the same time, be pending before the court ? Thirdly, if it was taken away from the jurisdiction of the court, by the mutual agreement of the parties, can that jurisdiction be restored, without the act or agreement of the parties, or without bringing it *de novo* before the court in form prescribed by law ?

*Seymour* and *Woodruff*, contra, after remarking, that an *award*, complied with, would be a bar to the action ; but that here no valid award had been made; contended, That a mere *submission* of a pending action did not operate a discontinuance of the suit. No such rule of law is to be found in the elementary books ; nor is there any such decision in the *Connecticut* reports. A *submission* cannot be pleaded. There is no such *practice*, nor decision ; nor is there any *form* for such plea. It is not, then, a rule of the common law. Nor is there any such rule of *court* in *Connecticut ;* nor practice. 2 *Root*, 484. The rule in *England* is to the contrary. 2

Lord *Raym.* 789. *A. D.* 1702. *Lowes* v. *Kermode*, 8 *Taun.*  <span style="float:right">*Litchfield,*<br>June, 1852.</span>
146. *Green* v. *Pole*, 6 *Bing.* 443. (19 *E. C. L.* 125.) <span style="float:right">Nettleton<br>*v.*<br>Gridley.</span>
*Tidd's Prac. in loc.* In *Vermont*, a mere submission does
not operate a discontinuance. 4 *Verm. R.* 210. In 17
*Mass.* 591. not only the action, but *all demands*, were sub-
mitted, and an award made ; and it was held, that bail in the
action was discharged. It is worth an enquiry how far have
the statute provisions in the state of *New-York*, concerning
arbitrations, affected their decisions. The decisions of other
states are no evidence of the common law, on this point, but
of their *practice* only. It is enough for us, that we have no
such practice. The parties did not *intend* a discontinuance,
or they would have so said. The court will not erase the
cause, when no *rule* requires it, and when the parties did not
*intend* it, unless an *award* should be made.

CHURCH, Ch. J. This motion is predicated upon the be-
lief that a submission of a suit or action pending in court, to
arbitrators, without a rule, and not followed by any valid
award, operates effectually as a discontinuance of such suit.

Here was a valid submission ; but the award published by
the arbitrators, did not carry it into effect ; the award was
void, not having been made with the concurring assent of all
the arbitrators. There was no provision in the submission,
that any less number of arbitrators than the whole, might
make an award ; and therefore, according to the doctrine of
this court, as held in *Patterson* v. *Leavitt*, 4 *Conn. R.* 50., the
award published was of no effect. The injustice of treating
this action as out of court, and while the plaintiff is deprived
of the benefit of the award intended to be made, is manifest ;
and especially, as to do so, will be also to deprive her of the
securities obtained, and the costs which may be her due, in
the pending action.

If the act of submission operated as a discontinuance, as
the defendant insists, it would have operated just so, if it had
been revoked by him ; for a discontinuance once effected by
the submission, and the cause out of court, it could not, as
we see, be again recalled, without the assent of the parties,
at least.

The defendant, in support of his motion, relies entirely
upon the authority of some adjudged cases in the states of

*New-York* and *Tennessee.* No common law authorities are referred to, by the court, in any of those cases, as precedents for the decisions there made ; nor have we been able to find any, elsewhere. We must presume, that they were founded upon local rules of practice only, recognized in the judicial proceedings of those states—laws of their courts, and not upon any general principles of the common law, binding upon us. So it is in the *English* courts. There, a proceeding, called a *discontinuance*, is recognized, as a matter of practice. And this is either voluntary or involuntary. A voluntary discontinuance is like a *nol. pros.*, or what we call, a *withdrawal*, or a *no appearance*, perhaps. An involuntary discontinuance is effected, in various ways. Sometimes, by the neglect of the proper officer of the court, in not bringing forward or continuing causes from term to term ; sometimes, by some peculiarity in the pleadings of the plaintiffs ; as if the defendant pleads in abatement, and the plaintiff replies as to a plea in bar ; or if there be a wrong conclusion of a prayer for judgment in a replication, &c. 10 *Mod.* 112. 1 *Salk.* 177. 2 *Petersd. Abr. tit.* Discontinuance. But this, and many other peculiarities of *English* judicial practice, we have never adopted. And we no where find, even in the *English* books, that a bare submission to arbitration, of itself, operates as a discontinuance of an action. Such cases, however, may have escaped our research.

Nor do we recognize any principle of the common law, which should give such an effect to a submission to arbitration. It is but an *accord*, by which a mere private power, for a private purpose, is conferred, and as yet resulting in no satisfaction or award. Judge *Swift*, in his *Digest, vol.* 1. *p.* 473. speaks of a submission as being a bar ; but he refers to no authority for his position, and must, we think, have adopted an exception or peculiarity in the law for a general principle ; as where, by the terms of the contract itself, *on which a suit is brought*, it is provided, that in case of a difference, the dispute shall be referred to arbitrators, then, if a reference accordingly, has in fact been made, it has been holden, that it may be pleaded in bar of that action. 1 *Wils.* 129. *Kyd* on *awards*, 14. 8 *Term R.* 139. But beyond this, we think it has never been supposed, that a revocable submission was a bar to an action.

The only reason which we have seen suggested, why a submission alone should work a discontinuance, is, that by it the parties have selected another tribunal. But this is not in analogy to well settled rules. If a plaintiff commences a new suit, for the same cause, before another court, and thus selects a different tribunal, this will not defeat the pending action, but the second action will abate. A pending submission would be a good cause for the postponement or delay of the action thus submitted ; but when we see, that the submission is fruitless, and may be made so, by the defendant himself, as by revocation, it would be a perversion of justice to treat such submission either as a bar or a discontinuance.

We have refused to erase a cause from the docket, on motion, for extraneous causes not apparent on the record itself ; but in such cases, we leave the defendant to plead them, and thus afford the adverse party an opportunity of an issue to try their materiality. *Wickwire* v. *The State*, 19 *Conn. R.* 477. *Lowes* v. *Kermode*, 8 *Taun.* 146. (4 *E. C. L.* 51.)

Submission of causes in court, to the decision of arbitrators, has been a constant practice in this state, from the earliest times ; but no such application as the one now made, nor any such principle as that here claimed, has been heretofore made by, or known to, the profession—good evidence that the law here is not as the defendant believes it to be. And we are not disposed now to adopt the practice claimed ; and shall advise the superior court to reject the motion.

In this opinion the other judges concurred.

*Motion rejected.*