*S. F. Maxwell*, for the appellant.

---

GRIGGS *v.* SEELEY.

Debt by *G.* against *S.* upon an award as follows: "*John Doe* on the demise of *W. M.*, *J. S.* and others v. *J. G.* Recovery in ejectment in the *Vigo* Circuit Court, &c. Suggestion on the record, and claim by defendant for improvements under the statute concerning occupying claimants. We, the undersigned, having, by the consent of *J. G.* of

the one part, and *J. S.* of the other part, been appointed by, &c., in the case aforesaid, arbitrators to settle certain matters of difference in said case, &c., met and qualified, &c.; and the said *G.* and *S.* being then before said arbitrators to submit, &c., said *G.* and *S.* then and there, &c., consented that they should decide on the rights and equities arising out of the recovery, &c., without being governed by the statute, &c., and that they should award, &c.; and said *G.* and *S.* did then and there so submit, &c., and on the hearing of the evidence we award, &c. The defendant denied the submission as alleged, but admitted that the cause had been referred. A jury was called and evidence given as follows: 1. The award; 2. *J. J.*, one of the arbitrators, testified that after they had been some days in the investigation of the claim of *C. M.*, one of the lessors in the suit, against the same parties, said *G.* and *S.* agreed before the arbitrators, as stated in the award; that under that submission the award was made; and that all the other parties agreed to have their causes decided by the same rule; 3. *S. W.* testifies to the same effect, adding that *G.* was present in person at the submission; that there was no agreement to change the terms of the reference made by the Court, other than this, that the arbitrators should not be confined to the requisitions of the statute, &c. It was admitted that the award was filed *March* 12, 1849, among the papers in the case of *Doe*, &c.; that the recovery in said case was in the name of *S.* and several others; that shortly after the award was made, the counsel for the plaintiff requested the defendant to pay it, and that he declined to do so. Demurrer to the evidence. Joinder in demurrer, whereupon the jury was discharged, and the cause submitted to the Court. Demurrer sustained.

*Held*, that a reference had been made of a cause pending in Court pursuant to the statute; that that submission was unrevoked; that the parties to it consented to waive some of the rules of evidence and forms of proceeding before the arbitrators, which they were competent to do; that the lessors in the ejectment suit other than *S.* were mere nominal parties, having no interest in the questions under the occupying claimant law; and that, therefore, there was an existing submission to the arbitrators.

*Held*, also, that the party in whose favor the award was rendered, might bring an action of debt upon it rather than return it into the Court from which the cause was referred, for enforcement there.

*Held*, also, that parties may make a binding submission of matters of difference between them by parol.

On demurrer to the evidence, the Court is bound to do against the defendant all that the jury might reasonably have done.

ERROR to the *Vigo* Circuit Court.

PERKINS, J.—Debt by *Griggs* against *Seeley* upon an award, as follows:

"*John Doe* on the demise of *William Merritt, Jonas*

Nov. Term,
1856.

GRIGGS
v.
SEELEY.

*Friday,*
*December 5.*

*Seeley* and others v. *Joseph Griggs.* Recovery in ejectment in the *Vigo* Circuit Court, *September* term, 1848.

"Suggestion on the record and claim by the defendant for improvements under the statute concerning occupying claimants. We, the undersigned, having, by the consent of *Joseph Griggs* of the one part, and *Jonas Seeley* of the other part, been appointed, by the Court aforesaid, at the term and in the case aforesaid, arbitrators to settle certain matters of difference in said case referred to them, met and qualified according to law; and the said *Griggs* and *Seeley* being then before said arbitrators to submit their said cause to the hearing thereof, said *Seeley* and *Griggs* then and there before said arbitrators consented that they should decide on the rights and equities arising out of the recovery of said land in said ejectment and the claim aforesaid, without being governed by the statute in such case made and provided, and that they should award what sum the said *Seeley* should pay to said *Griggs*, or the said *Griggs* pay to the said *Seeley*, in the premises, up to the time of making our said award; and said *Seeley* and *Griggs* did then and there so submit their differences; and on the hearing of the evidence we award that the said *Seeley* shall pay to the said *Griggs*, on account of his improvements over and above rents, and profits, and damages by waste or cultivation, the sum of 141 dollars, and we submit the question of the taxation of costs to the Court. Witness our hands and seals this 17th day of *November*, 1848.

"Signed in presence of *C. T. Noble. Jacob Jones* [SEAL], *Jacob Hess* [SEAL], *Thomas Carter* [SEAL]."

The defendant denied the submission to arbitrators as alleged, but admitted that the cause of *Doe* on the demise, &c., on a claim for improvements, &c., had been referred, &c.

A jury was called to try the issues. Evidence was given. The defendant filed his demurrer to the evidence in the following words:

"Be it remembered, that on the trial of this cause the plaintiff proved by *C. T. Noble*, the subscribing witness,

that the following instrument [here follows the award above set out] was executed and acknowledged in his presence, and that he signed it as subscribing witness. The award was given in evidence over the defendant's objection.

"*Jacob Jones*, the defendant excepting, testified that after himself and the arbitrators had been some days in the investigation of the matters mentioned in the fore-part of the award in reference to the case of *Doe* on the demise of *Seeley* and others against *Griggs*, in which they had been more particularly considering the claim of *Church Maddox* against the same parties, the said *Griggs* and *Seeley* agreed before the arbitrators that the said referees need not be governed by the requisitions of the statute, but should decide upon such claim according to the equity of the case, without reference to the statute, and if in favor of said *Griggs*, should say how much *Seeley* should pay *Griggs*, or if in favor of *Seeley*, how much *Griggs* should pay *Seeley;* and under this submission by *Griggs* and *Seeley* they proceeded and made the award in question. Being -cross examined, witness said that he believed the arbitrators commenced the examination of the claim of *C. Maddox* against the same parties for damages, and that they continued the examination of said case until said agreement above specified was made, and that all the other parties agreed to their cases being decided by the same rule. Witness further proved that there were other claims for improvements on other parts of the same land recovered by the same parties, and it was agreed by all that the evidence given in one case should apply to all the cases so far as the same was applicable to all.

"*Salmon Wright* proved that he was attorney for *R. Pucket* who claimed pay for the value of improvements on a part of the same land which had been recovered by *Seeley* and others; that after the arbitrators, (to whom the cases of *Pucket* and several other persons had been referred) had had the subject some days under consideration, he, witness, proposed to *Seeley* to let the arbitra-

tors take the case of *Pucket* and decide it according to the equity of the case, without any reference to the statute, and say how much *Pucket* should pay *Seeley* or *Seeley* pay *Pucket*, and that afterwards, *Griggs, Maddox*, and other parties having claims referred as aforesaid, agreed that their causes should be decided upon the same terms. Said *Wright* being cross-examined, said, the several lessors of the plaintiff were represented on said trial before the arbitrators, by *Kinney* and *Gookins*, and *Seeley* was the only one of said lessors who was present in person; that there was no agreement to change the terms of the reference made by the Court, other than this, that the arbitrators should not be confined to the requisitions of the statute, but should decide the cases according to their equity; that *Seeley* was the contracting party, and that the arbitrators should decide what *Seeley* should pay, if against him, and if in his favor, what *Griggs* should pay. It was admitted by the plaintiff's counsel that he filed the award in the Circuit Court on the 12th of *March*, 1849, among the papers in said action of ejectment, and that the recovery in said action was in the name of *Seeley* and several others, their names not now recollected. It was admitted that shortly after the award was made, the counsel for the plaintiff requested the defendant to pay the same, and that he declined to do so; and this being all the evidence in the cause, the defendant says that it is not sufficient for the plaintiff to have and maintain his action, and, therefore, he demurs thereto, and prays that the plaintiff may be required to join in this demurrer, and the defendant admits the facts stated by the witness above, and every inference and conclusion a jury might rightfully and reasonably draw therefrom. *A. Kinney*, for the defendant."

Joinder in demurrer as follows: "The plaintiff joins in demurrer and says, that the evidence is sufficient in law to maintain his action, and this he is ready to verify, and, therefore, he prays judgment. *C. W. Barbour*, for the plaintiff."

Whereupon, the jury was discharged, and the cause, by

agreement, submitted to the Court. The Court sustained the demurrer, overruled a motion for a new trial, and rendered judgment for the defendant.

The question presented in this case is, was there an unrevoked submission to arbitration at the time the arbitrators made the award sued on?

If the existence of such submission can be reasonably inferred from the evidence, it must, upon a demurrer to the evidence by the defendant, be inferred against him. If the jury—had the case gone to them—might have found, upon any reasonable construction of the evidence, against the defendant, the Court must now find against him. The Court is bound to do against the defendant all that the jury might reasonably have done. 8 Blackf. 540.

Parties may make a binding submission by parol of matters of difference between them. Cald. on Arbitr. p. 16. And perhaps such a submission may be inferred from the evidence in this case. But we think the more correct view will be to consider that a reference had been made of a cause pending in Court pursuant to the statute; that that submission was unrevoked; that the parties to it consented to waive some of the rules of evidence, and forms of proceeding before the arbitrators, which parties or their attorneys were competent to do; that the lessors in the ejectment suit, other than *Seeley*, were mere nominal parties, having no interest in the questions under the occupying claimant law, and hence, had nothing awarded for or against them. We think a jury might fairly have drawn these inferences from the evidence; and, therefore, we conclude there was an existing submission to the arbitrators. The award is not attacked upon its merits; and the party in whose favor it was, had a right, notwithstanding it was made pursuant to a reference from Court, to bring his action of debt upon it, rather than return it into Court for enforcement there. So we understand the case of *Dickerson* v. *Tyner*, 4 Blackf. 253. The statutory remedy is cumulative.

*Per Curiam.*—The judgment below is reversed with costs. Cause remanded with instructions to the Circuit Court to enter judgment for the plaintiff on the award.

GOOKINS, J., having been concerned as counsel below was absent.

*C. W. Barbour*, for the plaintiff (1).

*A. Kinney*, for the defendant (2).

(1) Counsel for the plaintiff, on the point touching the demurrer to evidence, cited 2 Blackf. 374.

(2) Counsel for the defendant cited the following authorities: