*L. T. Miller*, for appellee.

———————— o ————————

## MILLER *v.* GOODWINE.

ARBITRATION AND AWARD.—The statute regulating arbitrations is cumulative, and does not affect common law submissions.

SAME.—PAROL SUBMISSION.—A parol submission was valid at common law, and there is nothing in the statute making such a submission void.

SAME.—AWARD.—It is not necessary that an award should recite the submission, or show what it was that was submitted.

APPEAL from the *Warren* Common Pleas.

FRAZER, C. J.—A demurrer was sustained below to the complaint, and that ruling is before us for review. It was averred in the complaint that the parties had been engaged as partners in buying, feeding and selling cattle; that differences arose between them concerning their partnership accounts, which, being unable to settle, they submitted by parol to the arbitrament of two arbitrators named; that

after such submission, and after the arbitrators had examined the accounts and heard the statements of the parties and witnesses, but before any award was rendered, they agreed in writing, to abide the award when made. This agreement is made part of the complaint. Afterwards the arbitrators awarded, in writing, of and concerning the matters submitted, that the defendant was indebted to the plaintiff in the sum of $2,598 20. The award is made part of the complaint.

It is also alleged that the parties were notified of the award, and that the defendant failed and refused to comply with it. The appellee has failed to aid us with an argument, but we are told, on behalf of the appellant, that the ground upon which the demurrer was chiefly supported in the court below was, that in consequence of the statute, (2 G. & H., § 1, p. 342,) the submission, to be valid, must have been in writing. The statute in no manner affects submissions which were valid at common law. It is an affirmative statute without negative words, and in no respect are its provisions of such a nature that they cannot have effect consistently with the validity of parol submissions. Such submissions were valid at common law, and as there is nothing in the statute which expressly, or by necessary implication, changes the law as it previously existed upon that subject, they are still valid. The statute is merely cumulative. *Carson* v. *Earlywine*, 14 Ind. 256; *Titus* v. *Scantling*, 4 Blackf. 89.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

ON PETITION FOR REHEARING.

FRAZER, C. J.—We have examined the question made on petition for rehearing, to-wit, that the award was void for uncertainty. *Hays* v. *Hays*, 2 Ind. 28, is the authority cited to sustain the proposition. In that case the question submitted was the amount to be paid for a crop of corn.

The arbitrators awarded a certain sum per acre, but did not find the number of acres. The amount was not, therefore, determined in that case. There is no such uncertainty here. A definite sum is awarded. If we correctly apprehend the present objection, it is that the award does not recite the submission, or in any manner show what it was that was submitted. But it is not necessary that the award should do so. Proof of the submission applies the award to its subject matter. The averment of the submission is sufficiently certain, and it could not be supposed on demurrer that the proof would not sustain it.

The petition is overruled.

*J. H. Brown* and *G. D. Wagner*, for appellant.

*W. P. Rhodes, Z. Baird, J. A. Stein, S. W. Miller*, and *J. Buchanan*, for appellee.