## GOODWINE *v.* MILLER.

PRACTICE.—*Demurrer.—Striking Out.*—Where a demurrer has been properly overruled, and another demurrer for the same cause is filed to the same pleading, there is no available error in striking out the latter demurrer

SAME.—*Reply.*—Where the only objection to a paragraph of a reply is, that it amounts to the general denial already pleaded, there is no available error in refusing to strike it out or in overruling a demurrer thereto.

ARBITRATION AND AWARD.—*Trial by Jury.*—The right of trial by jury exists in an action on a common law award.

SAME.—*Revocation.*—Where a party to a common law submission to arbitrators attempts to make an express revocation of the submission, before the award is made, such attempted revocation, in order to be effectual, must be unconditional. An expression by a party, that unless certain evidence be received he will not submit to the award, is not a revocation.

SAME.—Where the matters submitted to arbitrators were matters of dispute between the parties growing out of their partnership transactions;

*Held,* that it was competent for the arbitrators to determine what were and what were not partnership matters.

SAME.—*Action on Award.— Questions of Law.*—In an action on a common law award, decisions upon questions of law made by the arbitrators upon matters submitted to them, are conclusive.

INSTRUCTIONS TO JURY.—There is no error in giving oral instructions to the jury where a part of the instructions are in writing, if the court is not requested to reduce the instructions to writing.

APPEAL from the Warren Common Pleas.

GREGORY, J.—This case is here for the second time. One of the points ruled is, that the statute regulating arbitrations is cumulative and does not affect common law submissions. 29 Ind. 46.

The first alleged error relied upon by the appellant is, that the court, on the motion of the appellee, struck out a demurrer to the complaint.

When the judgment was reversed by this court, the order was to overrule the demurrer to the complaint. The court below accordingly overruled it, and the defendant answered. The attorneys of the appellant applied for a continuance on account of the absence of their client, which was overruled; thereupon they withdrew their appearance, and judgment was rendered by default. The judgment was afterwards, on the application of the appellant, set aside. The defendant then filed the demurrer in question. Clearly, the court committed no available error in striking it out.

The next alleged error is the refusal of the court below to strike out the second paragraph of the plaintiff's reply, and the overruling of a demurrer thereto. The objection to the paragraph is, that it amounts to the general denial already pleaded. This error did not injure the defendant.

The issues were submitted to a jury over the objection of the defendant, and this is the next question presented.

This was an action on a common law award, and not a rule of court to show cause why judgment should not be rendered thereon. The issues were properly tried.

The court instructed the jury, "that a revocation, to be effectual, must be express and positive; an expression by the defendant that unless certain evidence was received he would not submit to an award, is no revocation, but, to be effectual, it must be express and positive, and coupled with no conditions whatever."

It is claimed that this instruction is erroneous. It is true, there may be an implied revocation, but when, as in this

case, there is an attempt to make an express revocation, the rule given in the instruction is the law. The instruction, in view of the evidence, was correct.

The court improperly instructed the jury, that "it was competent for the arbitrators to refuse to hear further evidence after they had heard sufficient to satisfy their minds in relation to any matter that was submitted to them." But it is difficult to see how this injured the appellant. The only evidence offered by the defendant which was rejected by the arbitrators, was in relation to an independent matter upon which no testimony had been previously offered by either party, and was ruled out on the ground that it was not embraced in the matters submitted.

The court also instructed the jury, that "it was competent for the arbitrators to determine what were and what were not partnership matters."

The allegation in the complaint is, that the agreement was to submit matters of dispute between the parties growing out of their partnership transactions. The award sued on was the result of that examination. It was, therefore, a question for the arbitrators to determine what matters were embraced in the submission to them.

The court further charged the jury, that they had "nothing to do with the errors of judgment and finding on matters of law and fact and ruling upon the evidence, made by the arbitrators upon matters submitted to them, as such errors and mistakes are not open for examination in this court. Your inquiry will be as to whether they refused to consider any matter that was brought before them and submitted to them by these parties; if they refused to consider any matter, to ascertain whether it was partnership or not, their award cannot stand."

In *Hays* v. *Miller*, 12 Ind. 187, it is said, "this was a submission where no cause was pending, and there was no agreement to make the submission a rule of court. The reference, therefore, was as at common law, and the mere act of the parties. And there are various decisions to the effect

that, in such a case, in an action to enforce the award, it is no ground of objection that it is against law. *Mitchell* v. *Bush,* 7 Cow. 185; *Jackson* v. *Ambler,* 14 Johns. 96; *Cranston* v. *Kenny's Ex'rs,* 9 id. 212; *Bigelow* v. *Newell,* 10 Pick. 348. These authorities proceed upon the ground 'that, if judges chosen by the parties erroneously decide a question of law, the court will abide the decision.'"

The instruction was correct.

It is claimed, that the court erred in giving oral instructions to the jury, when a part of the instructions were in writing. The record does not show that the court was requested to reduce the instruction to writing. In the absence of such a request, it is no error to give oral instructions.

The motion for a new trial was rightly overruled.

Judgment affirmed, with costs.

*J. Buchanan,* for appellant.

*J. H. Brown,* for appellee.