SMITH, BY HER NEXT FRIEND, SMITH, v. KIRKPATRICK.

ARBITRATION.—*Common Law.—Parties.—Bastardy.—Seduction.—Parent and Child.*—The father of a minor daughter, who had been seduced under promise of marriage, and had given birth to a bastard child, entered into an article of agreement with the father of the seducer, who was also a minor and had absconded, submitting the matter to arbitration by three persons named, each parent professing to act on behalf of his child; and they also executed a penal bond, binding each to the other, to observe the conditions of the award of the arbitrators. Such arbitrators having awarded that the father of the seducer should execute to said daughter his promissory notes for certain sums, payable at certain dates, and also pay her a certain sum annually for the support of the child, she, by her next friend, instituted an action against her seducer's father, alleging the foregoing facts, non-compliance with the award, and setting out copies of the submission, bond and award.

*Held*, on demurrer to the complaint, that there is no defect of parties.

Smith, by her Next Friend, Smith, *v.* Kirkpatrick.

*Held*, also, on a demurrer alleging insufficiency of the complaint, that such submission and award were not intended to be, and were not, under the statute of this State in relation to arbitrations and umpirages, but that the same constituted a valid common-law arbitration.

PARTIES.—*Practice.*—*Demurrer.*—A demurrer to a complaint for an alleged defect of parties should designate the person who should be joined as a party.

From the Montgomery Circuit Court.

*J. McCabe* and *M. D. White*, for appellant.

*G. O. Behm, J. Park* and *A. O. Behm*, for appellee.

HOWK, J.—The appellant, as plaintiff, sued the appellee, as defendant, in this action, in the court below. Omitting the title of the cause, the names of the court and county, and the signature of counsel, the appellant's complaint was as follows:

"Alice Smith, a minor under the age of 21 years, by her next friend, Enoch R. Smith, complains of the defendant, Wesley Kirkpatrick, and says, that heretofore, to wit, prior to the 23d day of June, 1874, there existed a matter in difference between the plaintiff herein, Alice Smith, and one Frank Kirkpatrick, on account of the act of the latter in seducing and begetting the said Alice with child, she being the daughter of her said next friend, and the said Frank being the son of said defendant herein; and it is further averred, that to settle and adjust said matter of difference, the said defendant, Wesley Kirkpatrick, on behalf of his said son, agreed in writing with the plaintiff's next friend herein, Enoch R. Smith, her father as aforesaid, who entered into the same on her behalf, which was executed on the day last aforesaid for the purposes aforesaid; and she avers, that, at the same time, said defendant and the said next friend also entered into a written agreement to abide by and pay the award the said arbitrators, to wit, E. W. Coe, Luke Kitzmiller and O. P. C. Evans, might make in the matter submitted to them; and she herewith files a copy of said agreement to submit, marked 'A,' said bond to abide

the award, marked 'B,' and the award of said arbitrators, marked 'C,' and made a part of this complaint; that said award was made by said arbitrators after they had given the parties a full, fair and impartial hearing of said matter submitted; that said defendant has been served with notice of said award before the commencement of this cause, and immediately after the same was given, and, though often requested to comply with its terms, he has wholly failed and refused, to the plaintiff's damage in the sum of two thousand five hundred dollars. Wherefore the plaintiff demands judgment for twenty-five hundred dollars, the costs of this suit, and all other proper relief."

The agreement of submission to arbitration, which was made a part of appellant's complaint, was as follows:

"TIPPECANOE Co., IND., June 23d, 1874.

"We, the undersigned, do hereby agree and bind ourselves, in the sum of five thousand dollars, to abide the decision of Elijah W. Coe, Luke Kitzmiller and O. P. C. Evans, arbitrators chosen by us in a matter, wherein E. R. Smith, Sen'r, of the county and State aforesaid, is plaintiff, and Wesley Kirkpatrick, of Montgomery county and State aforesaid, is defendant, wherein Alice Smith, daughter of said E. R. Smith, claims and charges to have been seduced under promise of marriage, between the 15th of September and the 10th of October, 1873, by Frank Kirkpatrick, minor son of said Wesley Kirkpatrick aforesaid, which promise of marriage said Frank Kirkpatrick has failed to fulfil up to the present time, which makes said promise binding upon him under her allegation; and, in the absence of said Frank Kirkpatrick (who has absconded), we agree to submit the matter for final settlement to the within named arbitrators, and hereby agree to abide their decision in the matter, and upon the refusal of either party to comply with and abide such decision as such arbitrators may make, we bind our-

selves, our heirs and executors, in the payment of the foregoing sum.    (Signed,)    "E. R. SMITH, SEN.
"J. W. KIRKPATRICK.
"Witness:   LUKE KITZMILLER,
"E. W. COE."

The award of the arbitrators, which was made a part of the complaint, first recites the matter submitted to the arbitrators, as a claim of damages for the seduction of said Alice Smith by said Frank Kirkpatrick, under a promise of marriage, which had not been complied with, the birth of her child on June 21st, 1874, and that he had "left the country;" and the award then proceeds, as follows: "We award to her the following amount of damage, and hereby decide, that the said Wesley Kirkpatrick shall, within ten ——, execute to her his promissory notes of hand for the sum of five hundred dollars, payable on the 1st day of August, 1874, the 1st day of August, 1875, the 1st day of August, 1876, the 1st day of August, 1877, and the 1st day of August, 1878, making $2,500; also, the sum of one hundred dollars per year for the support of the child, until it arrives at the age of 18 years, should it [be] living so long; said payments or amounts for the support of the child to be made to its mother, if living, or its guardian, and said annuity to cease if the child should die."

The award was signed by all the arbitrators. It was without date, but was evidently made before the 1st day of August, 1874.

The appellee demurred to the appellant's complaint, upon the following grounds of objection:

"1. Because the complaint does not contain facts sufficient to constitute a cause of action;

"2. Because there is a defect of parties plaintiffs;

"3. Because there is a defect of parties defendants."

This demurrer was sustained by the court below, and to this decision the appellant excepted, and, failing to

plead over, the judgment was rendered on the demurrer, from which this appeal is now prosecuted.

The decision of the court below, in sustaining the demurrer to her complaint, is assigned for error by the appellant in this court.

The second and third grounds of demurrer are defective and insufficient, because they do not point out the supposed defect in the complaint, " with any certainty, nor name the party or parties, who should have been joined either as plaintiff or defendant therein." *Gaines* v *Walker*, 16 Ind. 361; *Musselman* v. *Kent*, 33 Ind. 452; and *Marks* v. *The Indianapolis, etc., Railway Company*, 38 Ind. 440.

In our opinion, however, there is no defect of parties, either plaintiff or defendant, in this case. " The real party in interest " is the party plaintiff, and the party who executed the submission bond, and against whom the award was made, is the party defendant.

The first ground of demurrer presents the real question in this case, and that is this: Does the appellant's complaint state facts sufficient to constitute a cause of action?

It will be observed, that the arbitration proceedings, mentioned in and made a part of the complaint, do not conform, nor was it apparently intended that they should conform, to the requirements of our statute in relation to arbitrations and umpirages. 2 R. S. 1876, p. 317. The proceedings, therefore, are not governed by the provisions of the statute. The arbitration set out in the complaint is what is called a common-law arbitration, as distinguished from an arbitration under the statute. *Estep* v. *Larsh*, 16 Ind. 82; and *Hawes* v. *Coombs*, 34 Ind. 455.

It is urged by the appellee, that it is apparent on the face of the complaint and of the exhibits therewith filed and made a part thereof, that there was no matter of difference between the parties to the agreement of submission, to be submitted to arbitration. It is very clear, we think, from the terms of said submission, that in its exe-

cution each of the parties thereto assumed to act for and on behalf of his infant child. The infant daughter of the one had been seduced, under promise of marriage, by the infant son of the other. A grievous wrong and injury had been done the appellant by the appellee's son, who had absconded. For this grievous wrong and injury, the appellant's only legal redress was a compensation in damages. She was an infant and could not legally act for herself, and her father, her natural guardian, assumed to act in her behalf. Her seducer had left the country, and he was an infant and could not lawfully act for himself, and, in his absence, the appellee, his father and natural guardian, assumed to act in his behalf. These two fathers would have been more or less than human, if they had not, as they did, each for his own child, made this matter of difference their own matter of difference. These two men, of mature years and sound minds, mutually agreed and bound themselves in writing, each for his own child, as each had the right to do, to submit said matter of difference, for final settlement, to arbitrators mutually chosen and agreed upon, and to abide their decision in the matter; and, upon the refusal of either party to comply with and abide such decision as such arbitrators might make, they mutually bound themselves in the payment of five thousand dollars. Why were not the mutual agreement and bond of these parties valid, legal and binding? Certainly not for the want of consideration, as "The prevention of litigation is a valid and sufficient consideration, for the law favors the settlement of disputes. Thus, a mutual submission of demands and claims to arbitration is binding so far as this, that the mutual promises are a consideration each for the other." 1 Parsons Con., 6th ed., p. 438, and authorities cited.

"A man may submit to a reference for another, and will, in most cases, be answerable for the obedience of that other to the award." Caldwell Arbitration, 23, and authorities cited A parent or a guardian may sub-

mit to arbitration for an infant.   Caldwell Arbitration, 24, and notes; Morse Arbitration & Award, 25.  "A guardian or parent may enter into a submission which will bind him personally, that his ward or infant child shall perform the award."   Morse Arbitration & Award, 25; and Russell Awards, 18.

In the case now before us, we can see no reason, on the face of the complaint, why it does not state a good cause of action.   The appellee knew, when the agreement and bond were executed, that the appellant was an infant, and, therefore, he required a like agreement and bond from her father, in her behalf.   It seems to us, that he ought not to be permitted to escape the fulfilment of his bond, upon the plea that the appellant was an infant, and was, therefore, not bound by the award.   It was for this very reason, we may reasonably suppose, that the appellee required a bond from the appellant's father. And besides, the institution and prosecution of this suit by the appellant, with her father as her next friend, would seem to indicate that both of them accepted the award and were willing to abide by its terms.

In our opinion, the court below erred, in sustaining the appellee's demurrer to the appellant's complaint.

The judgment is reversed, at the appellee's costs, and the cause remanded, with instructions to overrule the demurrer to the complaint.