### WEBB v. ZELLER.

ARBITRATIONS AND UMPIRAGES.— *Common-Law.* — *Parol Submission.*— *Award.*—*Action on.*—*Irregularity.*—The common-law rule, that matters in difference between parties competent to contract may generally be submitted to arbitration by parol, is recognized as in force in this State ; and an action may be maintained on an award made under such a submission, even though the award be informal.

From the Madison Circuit Court.

*R. Lake* and *H. D. Thompson*, for appellant.
*J. W. Sansberry*, for appellee.

NIBLACK, J.—This was an action upon an award.

The plaintiff, Lemuel R. Webb, in his complaint, charged that, during the spring and summer of 1874, there were certain matters of difference between him and the defendant, Jacob Zeller, in reference to the rent of a flouring mill and appurtenances thereto belonging, the breaking and repairing of the dam appurtenant to said mill, the breaking and repairing of a part of said mill, the damages occasioned by said mill remaining idle by reason of the breaking of the dam and machinery, the declination of wheat while the mill was broken and idle, and the damages by reason thereof, and various other things connected with said mill renting ; and, in order to adjust and settle said matters of difference so existing between them, they did on the 10th

day of September, 1874, agree to submit the same to the arbitrament and award of three persons to be chosen as follows: The defendant was to select one, the plaintiff was to select another, and these two were to select the third one as umpire; that, pursuant to said agreement, which was by parol, the defendant selected James M. Garretson as arbitrator for him, the plaintiff selected Lexemuel Buson as arbitrator on his behalf, and those two selected Charles Harvey as umpire; that said arbitrators, by the further agreement and with the knowledge of the parties, met on the 26th day of September, 1874, for the purpose of making said arbitration and umpirage, at which time said arbitrators, after having heard said matters in difference, and the parties in reference thereto, and being fully advised in the premises, made the following award, to wit:

"PERKINSVILLE, INDIANA, Sept. 26th, 1874.

"We, the committee appointed to investigate the differences between Bro. Webb and Bro. Zeller, in regard to the Perkinsville mill, find that Bro. Zeller is indebted to Bro. Webb to the following amount:

| | |
|---|---:|
| Loss on rent | $ 625.00 |
| Loss on wheat | 325.00 |
| One run idle five months | 295.00 |
| Total | $1,245.00 |
| Credit by back rent | 300.00 |
| Balance | $ 945.00 |
| Improvements | 100.00 |
| Total Indebtedness | $1,045.00 |

"LEX BUSON,
"CHARLES HARVEY,
"J. M. GARRETSON."

. In which award the arbitrators, by mistake and inadvertence, used the word "committee," instead of the word

"arbitrators," and a copy of which award was, on the 28th day of September, 1874, given to each of the parties; that the words " Bro. Zeller," used in the award, referred to and were intended to mean Jacob Zeller, the defendant, and that the words " Bro. Webb," also used in the award, referred to and were intended to mean Lemuel R. Webb, the plaintiff; that, by reason of the contract made between the parties as hereinbefore stated, and the award made in pursuance thereof, the defendant became obligated and bound to pay to the plaintiff the said sum of one thousand and forty-five dollars, to be paid upon the receipt of said award by the defendant; that the defendant, on the 28th day of September, 1874, upon receipt of the award by him, as above stated, refused to comply with the same, and refused to pay to the plaintiff the sum of money found to be due from him by the arbitrators and refused to perform any and every part of said award; that on the 12th day of February, 1875, the plaintiff demanded of the defendant the payment of said sum of one thousand and forty-five dollars, found due by said award, which payment the defendant refused and still refuses to make; that, by reason of the premises, the plaintiff was entitled to recover from the defendant said sum of one thousand and forty-five dollars and interest thereon. Wherefore the plaintiff demanded judgment for twelve hundred dollars.

A demurrer for want of sufficient facts was sustained to the complaint, and final judgment was rendered for the defendant upon the demurrer.

The sufficiency of the complaint is the only question submitted for our consideration.

It is a well established common-law rule, that matters in difference between parties competent to contract may generally be submitted to arbitration by parol. Morse Arbitration & Award, 50; Russell Awards, 46. That rule of

the common-law has been fully recognized as still in force in this State. *Griggs* v. *Seeley*, 8 Ind. 264 ; *Miller* v. *Goodwine*, 29 Ind. 46. It is equally well established that an award may generally be enforced by an action upon it. This is especially the case as to awards good only at common law. Russell Awards, 499 ; *Griggs* v. *Seeley, supra ; Goodwine* v. *Miller*, 32 Ind. 419 ; *Smith* v. *Kirkpatrick*, 58 Ind. 254.

The award before us is, in some respects, an informal one; but we think the averments of the complaint showed it to have been a valid award at common law, and of binding obligation upon the parties.

The demurrer to the complaint appears to us to have been improperly sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.