No. 9468.

DILKS, ADMINISTRATOR, *v.* HAMMOND.

ARBITRATION AND AWARD.—*Parol Submission.*—A parol submission to arbitration binds the parties to an award fairly made, though one of the parties refused to make the submission in writing, unless the submission be revoked before the award is made.

SAME.—*Action on Award.*—A valid award settles the matter submitted, and precludes enquiry as to whether a good cause of action existed, where suit is brought on the award.

From the Clark Circuit Court.

*M. C. Hester*, for appellant.

*J. K. Marsh*, for appellee.

BLACK, C.—This was an action on a common-law award, commenced by Martha Dilks and her husband against the appellee. Pending the action said Martha died, and the appellant, administrator of her estate, was substituted as sole plaintiff, and filed an amended complaint. There was an answer of general denial, and the cause was tried by a jury, who found for the appellee. A motion for a new trial, made by the appellant, was overruled.

The only question before us is whether the verdict was sustained by sufficient legal evidence. The evidence consisted of the written award signed by the arbitrators and the testimony of the arbitrators.

The chief controversy here is as to whether the evidence showed a submission to arbitration.

Enoch Giltner testified that he was requested by the husband of said Martha to act for her, in conjunction with John T. Hamilton, as an arbitrator, to settle a matter of difference between her and the appellee; that he went, in accordance with this request, to hear said matter, on a day mentioned, and met said Martha, her husband, the appellee and said Hamilton at the house of Mr. Dilks; that, before they went into the investigation, Hamilton said that he thought it would be necessary for the parties to go into writings, to make the matter binding; that the appellee said he would not go into writings, but that they could go ahead with the arbitration without the writings; that the arbitrators then heard the statements of the parties, and, after they had heard all their evidence, went out into the orchard and made up their award, reduced it to writing, and both signed it.

The witness identified the written award and testified that the matter the arbitrators were called on to settle was the matter mentioned in said writing; that the appellee made no objection to the arbitration before the arbitrators made their award, further than to say that he would not go into writings; that he said they could go on with it without writings; that, after they had made the award, he said it was a large award, and he could not pay it without selling a part of his farm.

John T. Hamilton testified that the appellee requested him to act as an arbitrator for him, in conjunction with Enoch Giltner, who, appellee said, was to represent Mrs. Martha Dilks, to settle a matter in difference between her and the appellee; that, at his request, witness met Giltner at the house of Dilks, for the purpose of making the arbitration; that there were present the persons mentioned as being pres-

ent by Giltner in his testimony; that witness said to all the parties present that he thought the parties would have to go into writings in order to make the arbitration legal and binding; that the appellee said he would not sign any writings, but that they could go ahead without writings. Witness testified that he thought the arbitration would only be an experiment, because the parties had not signed any writings to arbitrate; that he did not know that he then said it would only be an experiment, but that he said something like it; that the appellee made no other objection to the arbitration before the award was made; that witness and said Giltner heard the statements of the parties, and then went out and made their finding; that their award was made in writing; that witness wrote the award, and that he and Giltner signed it; that when they returned into the house and read the award, the appellee said it was for too large a sum, and he could not pay it without selling his farm. This witness also identified the award.

Said Giltner, having been recalled, testified that there was nothing said by the parties, at the time of the arbitration or before, about its not being binding, or its being only experimental; that Hamilton said he thought, to make it binding, it ought to be agreed to be in writing signed by the parties; that the appellee said, "No, he would not sign any writing; to go ahead with it without any writing. He said, 'Go ahead and try the case so,' for he would not sign any writing;" that Hamilton read the award to the parties, and appellee said it was too much; that he could not pay it without selling part of his land; that he would study about it and see whether he would pay it or not.

The award stated the nature of the matter in dispute between the parties; that the parties had submitted the matters in controversy to the decision of the signers of the award; that they had heard the statements of the parties, and duly considered the same; and it then proceeded to state the amounts to which, in their judgment, said Martha was en-

Dilks, Administrator, *v.* Hammond.

titled, and "that the whole amount she is entitled to is two hundred and forty-six dollars."

A parol submission was sufficient, and was binding, unless unconditionally revoked before the making of the award. *Griggs* v. *Seeley*, 8 Ind. 264; *Carson* v. *Earlywine*, 14 Ind. 256; *Miller* v. *Goodwine*, 29 Ind. 46; *Goodwine* v. *Miller*, 32 Ind. 419; *Shroyer* v. *Bash*, 57 Ind. 349; *Boots* v. *Canine*, 58 Ind. 450; *Webb* v. *Zeller*, 70 Ind. 408; Morse Arb. 50, 229, 230.

There is no pretence of fraud or unfairness, or of any misconduct, or that the matter in controversy was not investigated and decided. There was a suggestion, not made by either party, but by one of the arbitrators, that the submission be reduced to writing, but the suggestion was not adopted; and the arbitrator who made it entered upon the investigation, wrote the award, with the other arbitrator signed it, and read it to the parties. It does not appear, and is not suggested, that his decision was influenced by the fact that he thought that the submission should have been in writing; nor does it appear that the parties, or either of them, regarded the arbitration as an experiment only. After manifesting an intention to be concluded by the award, and taking his chances for a decision in accord with his wishes, and having a full opportunity, which he made use of, to present his case to the arbitrators, one of the parties objected to the award merely because of the largeness of the amount found against him.

It was not necessary in the action on the award to prove that the parties agreed to be bound by the award; the agreement to submit to arbitration implies an agreement to abide by the decision of the arbitrators. Morse Arb. 52.

The settlement of controversies by arbitration is to be encouraged, and awards are not to be set aside or impeached for slight causes. A party can not be permitted to ignore the decision of judges so selected, merely because he does not approve of their finding.

Counsel for appellee say that it does not appear when the

amount claimed became due. The award stated that "the whole amount she is entitled to is $246." The amount thus awarded was due upon the making of the award.

Counsel further say, that the claim of appellant's intestate was barren of equity; that it was not such as to commend itself to the favorable consideration of the jury or the judge who presided at the trial.

The claim was tried before the arbitrators, and the question whether it was a just or reasonable claim could not properly be considered on the trial of the action on the award. It is not necessary that a legal cause of action really exist in favor of a party to a submission to arbitration in order that the award shall be binding. Morse Arb. 36.

We think that the verdict was contrary to the evidence, and that the court erred in overruling the motion for a new trial.

Per Curiam.—It is ordered, on the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and that the cause be remanded for a new trial.