Kelley *et al. v.* Adams *et al.*

No. 13,895.

## KELLEY ET AL. *v.* ADAMS ET AL.

PLEADING.—*Complaint.—Joint Action.— What Must be Shown.*—In a joint action based on section 2442, R. S. 1881, relating to the liability of heirs a complaint which fails to show a cause of action in favor . of all the plaintiffs is bad.

ARBITRATION.—*Agreement to Arbitrate.—Not Entered of Record.—Nunc Pro Tunc Entry.*—An agreement to submit all matters in issue to arbitration, made in the presence of the court, but not entered of record, is not a perfected agreement, for the court can speak only by its record, and a *nunc pro tunc* entry can not be resorted to, to correct it.

SAME.—*Parol Agreement.*—At common law, an agreement to arbitrate, and the award thereon, in parol was valid, and notwithstanding the statutory provision in regard to arbitrations, the rules of the common law are still in force.

SAME.—*Guardian and Ward.*—A guardian at common law could agree to an arbitration for his ward.

From the Knox Circuit Court.

*E. Callqhan, J. T. Beasley, A. B. Williams, W. A. Cullop* and *G. W. Shaw,* for appellants.

*J. C. Chaney* and *G. G. Riley,* for appellees.

BERKSHIRE, J.—This was an action instituted in the Sullivan Circuit Court by the appellants against the appellees, to compel them to account for moneys claimed to be due the appellants from their deceased grandfather, who had been their guardian.

The action rests on section 2442, R. S. 1881. There was a trial and judgment for the appellees in the court below.

The errors assigned are as follows : (1) The court erred in overruling the motion to strike out the second paragraph of the supplemental answer. (2) The court erred in overruling the demurrer to the amended first paragraph of supplemental answer. (3) The court erred in overruling the demurrer to the second paragraph of supplemental answer.

(4) The court erred in overruling the demurrer to the amended first and to the second paragaph of the supplemental answer.

The appellees assigned one cross error, to wit: The court erred in overruling the demurrer to the complaint.

The answers to which the errors assigned by the appellants refer, are misnamed in the record; they are not supplemental to the original answers, but independent and additional, and should have been styled additional paragraphs of answer.

It is alleged, in substance, in the first paragraph, as amended, that on the — day of January, 1887, while said cause was pending, by agreement the court referred said cause to Wm. H. DeWolf, Esq., an attorney of said court, with authority to hear the evidence the parties might introduce and make a finding of facts, together with his conclusions of law, upon the issues joined and report the same to the court, and that such finding should be entered of record by the court in all respects the same as though the said cause had been tried by the judge of said court in open court; that subsequently, and on the — day of January, 1887, the parties appeared before the said DeWolf by attorneys, and pursuant to said agreement a trial was had of said cause, conducted in all respects as equity causes are tried, in the Knox Circuit Court, and the merits of said cause fully heard; that by the terms of the said agreement the finding of the said DeWolf was to be made in parol and then entered of record, and that he made a parol finding upon the issues in the presence of the attorneys engaged in said cause, and in open court in the presence of the judge of said court, but by inadvertence the same was not by the judge entered upon the docket at the time nor since; that the attorneys for the appellants object and refuse to allow the entry of the finding and the judgment to be made by said judge as agreed upon. Then follows a prayer that the appellants be not allowed to prosecute their suit, and that said finding and a

judgment be entered as of the — day of January, 1889, for the defendants.

The substance of the second paragraph is as follows : That heretofore, to wit, at the January term, 1887, of said court, the parties mutually agreed to submit all of said issues in said cause to arbitration, the same to be heard and tried before Wm. H. DeWolf, Esq., an attorney of said court; that pursuant to said agreement the same were heard and tried before said DeWolf; that all the evidence was heard by him, as arbitrator, in said cause, and he found the issues in said cause in favor of the appellees and against the appellants. Wherefore the appellants should not recover, etc.

The complaint is evidently bad, for the reason that it fails to aver that Mason Callahan was, within six months preceding the final settlement of the estate of William G. Adams, the testator, either an insane person, an infant, or had been without the State of Indiana.

We are inclined to the opinion that the complaint is sufficient in this regard as to the appellant guardian.

It is alleged, as preliminary to the statement of facts relating to the indebtedness, that the wards are the minor heirs, etc. But the action is brought by the appellants jointly, and, under the many decisions of this court, the complaint is bad, because it fails to show a cause of action in favor of all of the appellants. *Nave* v. *Hadley*, 74 Ind. 155 ; *Schee* v. *Wiseman*, 79 Ind. 389 ; *Ætna Ins. Co.* v. *Kittles*, 81 Ind. 96 ; *Brumfield* v. *Drook*, 101 Ind. 190.

It was necessary to a good complaint that the facts alleged bring the case clearly within the provisions of section 2442 as to all of the parties. *Rinard* v. *West*, 48 Ind. 159 ; *Cincinnati, etc., R. R. Co.* v. *Heaston*, 43 Ind. 172 ; *Leonard* v. *Blair*, 59 Ind. 510 ; *Stevens* v. *Tucker*, 73 Ind. 73 ; *Gould* v. *Steyer*, 75 Ind. 50 ; *McCurdy* v. *Bowes*, 88 Ind. 583 ; *Rinard* v. *West*, 92 Ind. 359.

The complaint was only technically bad as to the guardian, and the infirmity that existed as to the other appellant was

one which could have been overcome by amendment, therefore we feel that we should consider the answers, notwithstanding the rule that a bad answer is good enough for a bad complaint.

The first paragraph of the answer is bad for several reasons.

It is alleged that the agreement was made in the presence of the court, and was to be entered of record. The court can only speak by its record, and until the agreement as alleged was entered of record it was not a perfected agreement. *Dennis* v. *Heath,* 11 Smed. & M. 206 (49 Am. Dec. 51).

The court could take no notice of the agreement alleged until the parties called its attention thereto for its action, and it is not alleged that this was ever done. *Nunc pro tunc* entries relate to omitted proceedings of the court. Such proceedings not having been entered of record at the proper time are made now for then. But the purpose of the answer is not to obtain the benefit of an amended record as to past proceedings of the court, but by proof of extraneous facts to establish a record of proceedings which the appellees claim ought to have occurred, but never did occur. *Raymond* v. *Smith,* 1 Metcalfe, 65 (71 Am. Dec. 458), is very much in point. *Gibson* v. *Chouteau,* 45 Mo. 171 (100 Am. Dec. 366).

The learned judge delivering the opinion in the former case says : " It is true, as argued by the appellants, the record may be amended in certain cases ; but there must invariably be something to amend by. The effort in this case is not, however, to amend the record, but actually to establish a record which has no existence, by proof of extraneous facts."

The court could not amend its record because there was nothing to amend by. *Williams* v. *Henderson,* 90 Ind. 577 ; *Chissom* v. *Barbour,* 100 Ind. 1 ; *Johnson* v. *Moore,* 112 Ind. 91 ; *Makepeace* v. *Lukens,* 27 Ind. 435 ; *Schoonover* v. *Reed,* 65 Ind. 313.

We are inclined to the opinion that the second paragraph was a good answer. Notwithstanding our statutory provis-

ions in relation to arbitrations, the rules of the common law relating thereto are still in force. At common law there might be one or more arbitrators, and the agreement thereto and the award rest wholly in parol. *Dilks* v. *Hammond,* 86 Ind. 563; *Webb* v. *Zeller,* 70 Ind. 408; *Miller* v. *Goodwine,* 29 Ind. 46; *Sanford* v. *Wood,* 49 Ind. 165.

The award when made could be pleaded in bar of an action upon the original claim. *Walters* v. *Hutchins,* 29 Ind. 136; *Indiana Ins. Co.* v. *Brehm,* 88 Ind. 578.

There has been some controversy as to whether an agreement to submit to arbitration when a suit is pending had the effect to discontinue the action, but the weight of authority and of reason seem to be that it does not. *Nettleton* v. *Gridley,* 21 Conn. 531; *Lary* v. *Goodnow,* 48 N. H. 170; *Paulison* v. *Halsey,* 38 N. J. L. 488.

There is no doubt, we think, but what at common law a guardian could agree to an arbitration. *Hutchins* v. *Johnson,* 12 Conn. 376 (30 Am. Dec. 622, and note); *Strong* v. *Beroujoin,* 18 Ala. 168; *Weston* v. *Stuart,* 11 Maine, 329; *Smith* v. *Kirkpatrick,* 58 Ind. 254; Morse Arb. 25; Caldwell Arb. 24.

We think the judgment should be reversed, at the costs of the appellants, as the first error committed by the court was in overruling the demurrer to the complaint. *McCole* v. *Loehr,* 79 Ind. 430.

Judgment reversed, at the costs of the appellants, back to the filing of the demurrer to the complaint, and the court below is instructed to sustain the demurrer to the complaint, and to grant appellants leave to amend.

Filed Oct. 16, 1889.