# FRANK H. FLORENTINE
*vs.*
# CHARLES S. ZACK ET AL.

Superior Court      Fairfield County      File No. 57290

MEMORANDUM FILED DECEMBER 19, 1939.

*Irving Elson,* of Bridgeport, for the Plaintiff.

*Edward J. McCarthy,* of Bridgeport, for the Defendants.

O'SULLIVAN, J. On September 21, 1938, the named parties to this action entered into a written agreement for the erection of certain buildings for the named defendant. Among the provisions was the following: "Should any dispute arise respecting the true value of the extra work, or of the works

omitted, the same shall be valued by two competent persons, one chosen by the owner, and the other by the contractor, and these two shall have power to name an umpire whose decision shall be binding on all parties."

In spite of this agreement to arbitrate, the plaintiff contractor instituted this suit, setting forth in three counts his claimed causes of action, of which the second and third are predicated on alleged extra work which was performed at the request of the owner. It is uncertain whether the first count is based on alleged extras or the contract itself, but that offers no present concern.

When the case came into court, the owner had the privilege of requesting a stay of the action, at least so far as the second and third counts are concerned. This privilege is derived from section 5841 of the General Statutes, Revision of 1930, which provides that: "If any action for legal....relief....be brought by any party to a written agreement to arbitrate, the court in which such action....is pending, upon being satisfied that any issue involved in such action....is referable to arbitration under such agreement, shall, on motion of any party to the arbitration agreement, stay the action....until an arbitration has been had in compliance with the agreement."

No such motion was made, however, and the action remained pending. While it was in this status, all of the parties to the action—including the defendant, Florence Zack, who was not a party to the original contract and whose presence in these entire proceedings assumes an air of mystery—entered into a written agreement to arbitrate all the issues between themselves, as covered by the complaint and as listed with greater precision in the schedules attached to the new agreement of August 4th. This was, in effect, a common-law submission which the parties could legally make. *Bennett vs. Pierce*, 28 Conn. 315.

The record does not disclose subsequent events, save those appearing in unsupported statements to be found in plaintiff's motion to vacate award. But counsel concede that an award was made, and this may be accepted in lieu of proof.

. The last agreement to arbitrate superseded the provision for arbitration in the original building contract and it enlarged the scope of the controversies for which arbitration was available.

. The agreement did not act as a discontinuance of the pending action. It was still before the court for disposition. *Nettle-*

*ton vs. Gridley,* 21 Conn. 531. In this respect, Connecticut takes a position different from that assumed in the majority of states. *See* Anno 42 A. L. R. 729 *et seq.*

Bearing in mind that the submission was not made by a rule of court but by virtue of common-law right, the court must conclude that the only method now available to the defendants to accomplish what their instant motion seeks to realize is to file an answer in the nature of a plea *puis darrein continuance,* setting forth the common-law submission to arbitrate and the result reached thereon. This is likewise in conformity with section 104 of the Rules of Practice (Practice Book [1934] p. 46) requiring arbitrament and award to be specially pleaded. The defendants might also give thought to the propriety of filing a cross complaint whereby, on the allegations of submission and award, permanent stay of further proceedings on the complaint might be sought.

If, thereafter, the plaintiff will reply and answer by allegations attacking the validity of the award, as he has attempted to do as though the arbitration had been held under the statute, an issue will clearly result, bringing the parties to the point they desire to reach.

I am confident that when the issues are closed, the trier will first dispose of the questions raised by the defense and reply and by the cross complaint and answer without attempting to go into the causes set out in the complaint.

The present motion is denied.