———o———

ALBERT P. HYERONIMUS, Respondent, *vs.* JAMES W. ALLISON, Appellant.

1. *Arbitration, statute concerning—Equitable defenses—Partiality of arbitration.*—Where A and B submitted their dispute to arbitration under the statute an award was made, but no attempt appears to have been made to procure a judgment on the award, and suit was brought upon the award within two months after it was made, and the defendant alleged in his answer the prejudice of one of the arbitrators, unknown to him at the time of the submission.— Held, that the allegation was a good equitable·defense.

2. *Arbitrations—Partiality—Courts of equity.*—Courts of equity will relieve against the partiality or corruption of arbitrators, especially under the statute of this State.

3. *Arbitration—Statute, motions under—Loss of papers—Award, suit on—* Where the papers containing the submission and award were destroyed and no opportunity apparently afforded defendant to move to vacate the award, Held, the defendant's answer to a suit on the award, might well be treated, as in the nature of such motion, or as objections upon a motion to confirm.

*John G. Woods and Horatio F. Simrall,* for Respondents.

The partiality, or prejudice of an arbitrator must be taken advantage of by a motion to vacate the award, (W. S., p. 144, §§ 9, 11,) and cannot be shown in defense to an action on the award. (Wats. on Arb. Marg., pp. 153, 224; Billing on Awards Marg., p. 283; 1 Saund., 327, N. 3; 8 East., 244; 2 Phil., Ev., 107, Wills vs. Maccarmick, 2 Wils., 148; Morewood vs. Jewett, N. Y. Supr. Ct., 2 Rob., 496.)

*J. E. Merryman and Samuel Hardwick,* for Appellant.

It is the duty of the court to scrutinize closely the partiality of the arbitrators. (Strong vs. Strong, 9 Cushing, 560.)

If one of the arbitrators is partial the award will be vacated. (W. S., 144, Toler vs. Hayden, 18 Mo., 399.)

SHERWOOD, Judge, delivered the opinion of the court.

This was an action brought in the Clay Circuit Court by Hyeronimus against Allison, to recover the amount of an award made on the 26th day of October, 1871, in favor of the plaintiff for $640, on account of damages alleged to have been done the cattle of plaintiff by the introduction by defendant of Texas cattle into the county. The petition in substance charges that a submission in writing was made and entered into by plaintiff and defendant whereby they submitted to three arbitrators, by them chosen, the matters of difference arising out of the death of plaintiff's cattle from Texas fever, alleged to have been communicated to them by the cattle of defendant unlawfully brought by the latter into the county of Clay; that by the terms of said submission it was agreed that the award should be made a judgment of the Clay Circuit Court, provided a copy of the award should be made and furnished to both parties prior to December 1st, 1871; that the arbitrators so selected met, and after hearing the evidence of both parties, found in favor of plaintiff on the said 26th day of October in the sum of $640, and furnished both parties with a copy of the award, on the day on which the same was made; that said submission and award were destroyed by fire, and that defendant had refused to pay the sum so awarded, &c., &c.

Defendant in his answer admits the submission to arbitrators and the award made, and the destruction of the papers by fire, but claims that such submission was by virtue of the laws of this State, giving the right to either party to file exceptions; that said award was not binding on defendant because of the prejudice of Garthe, one of the arbitrators; the fact of which prejudice was unknown to defendant at the time of the reference was held, and the award made; that plaintiff's cattle did not die of Texas fever, &c. The answer concludes with a prayer that the award "be disregarded." The court on motion of the plaintiff struck out all that portion of defendant's answer,

commencing with the allegation that said award was not bind-ing, except that portion which charges Garthe to have been pre-judiced; and to this ruling defendant excepted.

The plaintiff then filed his replication, denying the preju-dice of Garthe, " and that the same was unknown to defendant at the time of the reference aforesaid "—thereby admitting in effect the fact of such prejudice.

It does not any where appear at what time the destruction of the papers occurred, or that plaintiff ever attempted to have judgment rendered upon the award; but the suit was brought on the award on the 23d day of December, less than two months after the same was made.

A trial was had before the court, and testimony was intro-duced on behalf of defendant which clearly showed the pre-judice and partiality of Garth, the arbitrator, and strongly tended to show that the plaintiff was cognizant of such par-tiality and prejudice and sought by concealing his knowledge in this particular to obtain an undue advantage. Garth him-self was introduced by plaintiff as a witness, and defendant objected to his testifying on the ground that being one of the arbitrators, he was incompetent as a witness to either sustain or impeach his own finding. This objection was overruled, Garth permitted to testify and defendant excepted.

The testimony of Garth is very unsatisfactory as to his ex-pressions prior to the reference, respecting the plaintiff's right of recovery, and in regard to defendant's liability; and with-out explanation his want of recollection as to his indications of preference in behalf of plaintiff, which he is charged with having made, might have a tendency to excite suspicions of his bias and unfairness when acting as arbitrator.

In the view which I take of this case, it is wholly unneces-sary to pass upon the various declarations of law given on the part of plaintiffs and refused on that of defendant.

Garth's statements are so vague and indefinite as not to re-quire the expression of any decided opinion as to the com-petency of an arbitrator to testify respecting the matters per-taining to the arbitration. The answer of the defendant al-

though inartificially drawn sets up an equitable defense.

Courts of equity will relieve against the partiality or corruption of arbitrators. (Newland vs. Douglas, 2 Johns, 62; 2 Sto. Eq., § 1452.)

In Strong vs. Strong, 9 Cush., 560—a very elaborate and exhaustive opinion—it is held that "an award may undoubtedly be impeached and avoided by proof of fraud, provided it be fraud practiced upon or by the referees." And the court then further says. " The great prevalence of arbitration in modern times, while it has led the courts to adopt more liberality of construction regarding defects of mere form or honest ends, has at the same time been followed by more strictness of judgment as to the character and conduct of arbitrators in the relation of impartiality and integrity both in equity and the common law tribunals. *  *  *  * If parties really intend to have their rights decided by impartial judges, they are entitled to insist that each and all of them be impartial. Therefore, proof of bias and strong partiality on the part of an arbitrator, would form a serious objection to the acceptance of the award.

It would be no valid answer to the objection, that such referee did not discover undue partiality in the deliberations of the referees, and made no unusual exertion to influence their minds, because it is impossible to determine to what extent their judgment might have reposed on his reasonings and suggestions, or how far their decisions were influenced by him." If the mind of an arbitrator be tainted by partiality, he manifestly would be guilty of a *gross fraud* in concealing such bias, of which he must be conscious at the time he is chosen.  A court of equity, which narrowly watches every appearance of unfair dealing and repudiates every transaction which bears the dark impress of fraud, would be recreant to the principles on which its very jurisdiction rests to permit an award made under such circumstances to stand.

And our statute respecting arbitration and references, exhibits strong marks of legislative solicitude, that the arm of a court of equity in this regard should not be shortened, for section 23 of the act referred to, provides : "Nothing contained in

this chapter shall impair, diminish or in any way effect, the authority of a court of equity over the awards of arbitrators or the parties thereto." So that authorities which might otherwise be pertinent as showing, under different statutory regulations, a preclusion of equitable interference in cases of this sort, have no applicability when a statute such as ours is in force.

But inasmuch as the papers which contained the submission and award were destroyed, and no opportunity appears to have been afforded defendant to move to vacate the award, his answer might well have been treated as in the nature of such motion, or as objections upon a motion to confirm.

And partiality is one of the statutory grounds for the vacation of an award. So whether we regard the answer as a *legal* or as an equitable defense, the court clearly erred in giving judgment upon the evidence in favor of plaintiff.

The judgment is reversed and the cause remanded. The other Judges concur.