JACOB A. LEONARD *vs.* WADING RIVER RESERVOIR COMPANY.

A mill-owner, who, after a verdict of a jury fixing the height of his dam or the manner of his using the water, without any change in the situation, refuses or neglects to comply with the requirements of the verdict, is liable to an action at common law, and not to a complaint under the mill act; the provisions of Gen. Sts. c. 149, § 29, not being applicable to such a case.

MORTON, J.   The only question presented by this bill of exceptions is, whether, upon the facts stated therein, a complaint under Gen. Sts. c. 149, can be maintained.

It appeared that at September term, 1869, of the Superior Court, the complainant filed a complaint under that chapter against the respondents, for injury by flowage caused by their dam.   By agreement of the parties, the matter of this complaint was referred by rule of court to arbitrators, with full powers to render such judgment as a sheriff's jury could do by a verdict. They made their award, fixing the height at which the dam might be kept up, and assessing the complainant's damages, both annual and gross, which was returned into court and accepted, and judgment rendered thereon.   The complainant duly elected to take the sum awarded him in gross, and it was paid to him by the respondents.

It is clear that the award of the arbitrators is to be treated as a substitute for, and as having the same effect as, the verdict of a jury.   *Winkley* v. *Salisbury Manufacturing Co.* 14 Gray, 443.

The effect of these proceedings was to adjudicate and finally determine that the defendants have the right to maintain their dam at the height fixed by the award.   The fact that the dam was not fully constructed at the time of the award and judgment is not material.   The award and the acceptance of the gross dam-

ages would clearly bar the complainant from any claim for dam-ages for the dam, if kept at this height. But the complainant alleges that the dam was built to a greater height. If this be so, the authorities clearly show that, prior to the enactment of the Gen. Sts. *c.* 149, § 29, the complainant's proper remedy was an action at law, and not a complaint under this act.

In *Hill* v. *Sayles*, 12 Met. 142, the verdict of the sheriff's jury in the proceedings under a former complaint restricted the time during which the dam might be kept closed to certain months in each year. It was held that an action at law was the proper remedy to recover damages caused by keeping the dam closed during the other months of the year. The case of *Winkley* v. *Salisbury Manufacturing Co.*, above cited, more nearly resembles the case at bar. It was there held that an action of tort at common law could be maintained against the owners of a mill for flowing the plaintiff's land by keeping their dam above the height fixed by an award of arbitrators, which was deemed to be equivalent to a verdict of a sheriff's jury. These cases go upon the ground that if a mill-owner builds or maintains his dam contrary to the conditions and restrictions imposed by the jury under proceedings duly had according to the statutes, he loses the immunity from suits at law provided by the statute, and is liable to an action for damages as a wrong-doer. They apply to, and are decisive of, this case, unless the twenty-ninth section of the act above referred to gives the plaintiff a remedy by a second complaint.

This section is as follows : " The provisions of this chapter shall not affect the right to keep up, maintain and use any water-mill and mill-dam now lawfully existing, except as is herein expressly provided ; but when the owner or occupant of a mill or dam makes any material change, by raising the dam or altering the machinery or the manner of using the water, so as to cause additional damage to the land of another, it shall be considered as a new mill or dam in respect to such additional damage, and the remedy and proceedings to recover compensation therefor shall be substantially such as are provided in this chapter respecting a new dam." We think that the last provision in this section was intended to apply to the case of a mill-owner who, after

the right to maintain his dam at a certain height has been fixed by a verdict, or an award or agreement equivalent thereto, raises his dam for the purpose of creating a greater head of water, rendered necessary by some change in his mill or machinery. It was first enacted in the General Statutes. This court had previously held that, if, after a judgment fixing the height of a dam, the owner should erect new mills or introduce new machinery into the old mills, requiring a greater head of water, he would be authorized to raise his dam, and a complaint therefor could be maintained under the mill acts. *Johnson* v. *Kittredge*, 17 Mass. 76. *Leonard* v. *Schenck*, 3 Met. 357.

In the later case of *Hill* v. *Sayles*, 12 Met. 142, it had been questioned whether this was so since the adoption of the Revised Statutes, and we think it was the purpose of the Legislature to adopt and fix by statute the views expressed in the earlier cases. But this statute does not apply to the case of a mill-owner, who, after a verdict of a jury fixing the height of his dam or the manner of his using the water, without any change in the situation, refuses or neglects to comply with the requirements of the verdict. The whole matter of the height of the dam, the use of the water and the exigencies of his mill, is *res adjudicata*, and he cannot assert the right to disregard the verdict of the jury and have the matter readjudicated under the mill acts. He is a wrong-doer and subject to an action of tort at common law; and it follows that the party injured must resort to an action at law, and cannot maintain a complaint under the statute.

We are of opinion that the case at bar is not within the statute. The award has adjudicated the height at which the defendants may keep the dam, and they do not claim any right to keep it higher. No change has been made requiring a greater head of water. If they have built the dam higher, it is a violation of the requirements of the award, but is not a material change, within the meaning of the statute.

An apparent difficulty in the case arises from the fact that the dam was not fully constructed at the time of the award. If it had been, and the award had required it to be lowered, it is clear that, for a failure to comply, the defendants would be liable to an

action at law. We think this case is in substance the same. The gist of the complainant's case is not that the defendants have made any material change, but that as originally built the dam does not conform to the award.

In *Wilmarth* v. *Knight*, 7 Gray, 294, the question whether a complaint under the mill acts was the proper remedy was not raised.

The case of *Gordon* v. *Saxonville Mills*, 14 Allen, 219, differs materially from the case at bar. In that case the defendants were restricted by the award to the use of flashboards during a part of the year. After many years' use according to the award, they began to use them throughout the year, claiming the right to do so under the mill acts upon paying the damages therein prescribed. The situation of the parties was changed, and the defendants were asserting a right under the statute to make a material change in the manner of using the water, and no objection was made that the plaintiffs could not maintain a complaint under the mill act.

Upon the whole, we are of opinion that the proper remedy of the complainant is an action at law, and that this complaint cannot be maintained. *Exceptions sustained.*

*E. H. Bennett & H. J. Fuller*, for the respondents.

*E. L. Barney & H. M. Knowlton*, for the complainant.