<hr />

KOERNER v. LEATHE, Appellant.

Division Two, May 9, 1899.

149 361
f149 370

1. **Arbitration:** MOTION TO VACATE AWARD: SUBMISSION TO JURY. Where parties have, under a statute, submitted their differences to arbitrators, neither is entitled to have submitted to a jury the issues raised by a motion to set aside the award, if those issues are fraud or partiality on the part of the arbitrators or statutory grounds. And this ruling does not violate the constitutional guaranty of the right to trial by jury.

2. ———: ———: PRACTICE.  Proofs to sustain motions to vacate the
award of arbitrators should be taken by affidavits, and the appellate
courts should hear and review the judgment as in equity cases.

3. ———: WHAT IT IS.  The statutory method of arbitration may be
designated as "a quick bill in equity."

4. ———: LUMPING AWARD.  And where defendant has agreed to be re-
sponsible to plaintiff both for his own debt and that of other parties
named, and no stipulation is made for separate awards, the arbitra-
tors may determine on one lumping sum as the amount due.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB
KLEIN, Judge.

AFFIRMED.

R. M. NICHOLS for appellant.

(1)   The court erred in refusing a jury.   R. S. 1889,
sec. 405; Earl v. Hurt, 89 Mo. 263; Benoist v. Thomas, 121
Mo. 664; Gunn v. Thurston, 130 Mo. 339; Rand & McNally
v. Wickham, 60 Mo. App. 44; Durene v. Gitchel, 55 Me. 241;
Goodwin v. Miller, 32 Ind. 419.   This is an action "for the
recovery of money," and no less such because the verdict has
been given.   Experience has shown that this award or "ver-
dict" might be tainted by either of the  imperfections enu-
merated in the statute and for that reason a petition charg-
ing any of these grounds may be engrafted upon this award
or verdict which of necessity must always raise an issue of
fact.   (2)   The contract of submission in the case at bar is
general in its terms, and extraneous evidence is admissible to
show what was intended to be passed upon by the arbitrators.
Squires v. Anderson, 54 Mo. 193; Hinkle v. Harris, 34 Mo.
App. 232; Lorey v. Lorey, 60 Mo. App. 417.   (3)   Noth-
ing is included in the submission but the subject-matter in-
volved in it.   And if an arbitrator embraces in his award,
matters not submitted, and includes the result in a single con-
clusion, so as to render it impossible to separate the matters
referred from those which have not been, the award is void.

Railroad v. Meyers, 59 U. S. 252; Squires v. Anderson, 54 Mo. 193; Ellison v. Weathers, 78 Mo. 115; Frost v. Smith, 30 Ky. 124; Thrasher v. Haynes, 2 N. H. 429. (4) It is a valid objection to an award, that it does not precisely distinguish between the moneys which were to be paid by him in his representative character and those for which he is personally bound. Lyle v. Rodgers, 5 Wheat. 394; Hoffman v. Hoffman, 26 N. J. L. 176; Crawford v. Berry, 11 Gill & J. 310; Dorsey v. Dorsey, 11 Gill & J. 299; Davis v. Dyer, 54 N. H. 146.

KEHR & TITTMANN for respondent.

(1) The court did not err in refusing appellant a right of trial by jury on his motion to vacate the award of the arbitrators. R. S. 1889, secs. 415, 417, 2131 and 2132; Conran v. Sellew, 28 Mo. 320; Wendover v. Baker, 121 Mo. 273; Gunn v. Thruston, 130 Mo. 339; Beattie v. David, 40 N. J. L. 102; Milner v. Noel, 43 Ind. 324; Spencer v. Curtis, 57 Ind. 221; Boyden v. Lamb, 152 Mass. 416. (2) In order to make an objection to an arbitrator effective, it must be made as soon as the fact of his incompetency becomes known to the party objecting. Ledlie v. Gamble, 35 Mo. App. 355; Leitch v. Miller, 40 Mo. App. 180; Indiana Ins. Co. v. Brehm, 88 Ind. 518; Seaton v. Kendall, 61 Ill. App. 289; Hubbard v. Hubbard, 61 Ill. 328; Anderson v. Burchett, 43 Kan. 153; Pearson v. Barringer, 109 N. C. 398; Morse on Arbitration, p. 105; Fox v. Hazleton, 10 Pick 275; Noyes v. Gould, 57 N. H. 20; Robb v. Brachmann, 38 Ohio St. 423; Brown v. Leavitt, 26 Me. 251; Dougherty v. McWhorten, 7 Yerger 239. (3) Objections to an award must be apparent on its face. An award will not be set aside upon motion or vacated for any mistake of law or fact, nor because of the reception of illegal evidence that does not appear on the face of the award and no extrinsic facts will be received in evidence to impeach it. Valle v. Railroad, 37 Mo. 445;

Taylor v. Scott, 26 Mo. App. 251; Todd v. Barlow, 2 Johns. Ch. 551; Ebert v. Ebert, 5 Md. 353; Dorsey v. Jeoffrey, 3 Har. & M. 121; Lewis v. Wildman, 1 Day 153; Brown v. Green, 7 Conn. 536; Wheatly v. Martin, 6 Leigh 62; Head v. Muir, 3 Rand. 122; Bumpbars v. Webb, 4 Port. (Ala.) 65; State v. Merchants' Exchange, 2 Mo. App. 101. (4) The agreement for submission between the arbitrators recognizes a primary liability on the part of appellant to the respondent with respect to all matters included in the agreement. The submission did not require a separate award for each matter or of one or more of them. Therefore, an award of a gross sum is a mutual, final and definite award of the subject-matter between the parties and is good. McClure v. Shroyer, 13 Mo. 104; Stearns v. Cope, 109 Ill. 340; Vannah v. Carney, 69 Me. 221; Karthaus v. Ferrer, 1 Pet. 228; Heckers v. Fowler, 2 Wall. 123; Emery v. Hitchcock, 12 Wend. 156; Wood v. Railroad, 8 N. Y. 160; Gill v. Bickel, 30 S. W. 919; Call v. Ballard, 65 Wis. 187; Strong v. Beroujon, 18 Ala. 168.  (5)  Moreover, it would have been useless to make separate findings in the award, because they could, under no circumstances, be binding on either the Crown Coal & Tow Company, or the St. Louis, Belleville & Southern Railway Company, because neither of them was party to the arbitration. Separate findings as to the amounts due by the appellant to respondent on account of these respective companies, could not form the basis of an action by appellant against them, and would not be res adjudicata as against them. The rights of appellant against these companies was not the subject of inquiry. Karthaus v. Ferrer, 1 Pet. 228; Gill v. Bickel, 30 S. W. 919; Goetchins v. Hodges, 50 Ga. 603; Bassett v. Bassett, 10 N. H. 64.

GANTT, P. J.—The parties to this action entered into an agreement of arbitration in accordance with the statutes of this State providing that the award should be made a rule of court.

The controversy arose over the claim of the plaintiff against defendant for compensation for legal services rendered by plaintiff to defendant and certain corporations largely owned and managed by defendant.

The arbitrators selected were Messrs. Given Campbell, Samuel N. Holliday and John J. O'Brien. They were first duly qualified, and upon due notice held their sessions, heard the evidence and rendered their award for plaintiff. All the statutory steps were taken, to have the award confirmed by the judgment of the court.

Upon receiving notice the defendant appeared and moved the court to vacate the award, on four several grounds: First, the partiality of Mr. O'Brien, one of the arbitrators, for John M. Holmes, who was alleged to have an interest in the award to Koerner; second, because of the failure of the arbitrators to designate the amount due from defendant to plaintiff for each of the said corporations, the Belleville, St. Louis & Southern Railroad Company, and the Crown Coal & Tow Company, but instead found a lumping sum total for all of said services; third, in not allowing defendant a credit for cash paid; fourth, in exceeding their powers in acting on matters not submitted to them or contemplated by the agreement of submission to arbitration.

That motion was overruled and defendant appeals. The alleged errors will be examined in the order of their assignment.

I.   When the motion to vacate for the causes already noted, was filed, defendant demanded that the issues thereby raised should be submitted to a jury. The court refused this request and defendant excepted and now urges this as a ground for reversal.

When a suitor demands a course of procedure on the ground that it is secured to him by the Constitution, it behooves the court to give the claim a careful consideration,

however unfounded it may appear at first blush.    Such is the claim of defendant in this case.

That an action at law might be maintained on a common law award or a refusal to abide by such an award will not be questioned.      And in such cases the questions of fact were and are triable by a jury.    So it was held in Duren v. Getchell, 55 Me. 241, and Goodwine v. Miller, 32 Ind. 419, cited by defendant.

But when as in the case at bar the submission is under a statute which authorizes parties to submit their differences to arbitrators and they agree that in accordance with the statute the award may be made a rule of the circuit court, it is obvious the parties have waived their common law right to a jury trial and have selected another and different tribunal.

This court, as early as Vaughn v. Graham, 11 Mo. 575 (1848), held in an opinion by Judge Scott that by the common law "an award could not be set aside for any cause in a court of law;" that the relief was in equity prior to the enactments of the statutes governing awards.   It is quite generally held that the statutory provisions are not exclusive but that the aggrieved party may still resort to equity. [Hyeronimus v. Allison, 52 Mo. 102.]    But wherever the point now raised has been adjudicated, the ruling has been that on the issue of vacating or setting aside the award for fraud or partiality or on the statutory grounds resort must be had to the court, and on the issue thus raised the parties are not entitled to demand a jury.    Thus in Beattie v. David, 40 N. J. L. 102, the Supreme Court of New Jersey said: "Where, however, as in this case, the parties, by agreement, consent that the cause be referred to a referee chosen by themselves, and make that consent a rule of court, they can not enter a dissent to the report and demand a trial by jury. They have chosen their own tribunal and must abide by the

decision.    The court will, however, control the report as the
verdict of a jury would be."

In Goodwine v. Miller, 32 Ind. 419, the Supreme Court
of Indiana, while holding that an action at law might be
maintained on a common law award and was triable by a
jury, was careful to say "this was an action on a common law
award and not a rule of court to show cause why judgment·
should not be rendered thereon."    Subsequently, in Milner
v. Noel, 43 Ind. loc. cit. 327, upon a rule to enforce the
award, the appellant demanded a jury which was denied.
The court says:    "We are not aware of any rule of. law by
which the party excepting to an award in cases like this can
have a trial by jury.    In Goodwine v. Miller, 32 Ind. 419,
which was an action on a common. law award, this court held
that a trial by jury might be had.    But the court was careful
to distinguish that kind of case from such as this.    The court
said :    'This was an action on a common law award, and not
a rule of court to show cause why judgment should not be
rendered thereon.'    The statute provides that 'the court
shall hear the proofs and allegations of the parties, to
invalidate and sustain such award or umpirage, and shall
decide thereon, either confirming such award or umpirage,
or may modify and correct the same in the cases prescribed in
the last preceding section so as to effect the intent thereof,
and to promote justice between the parties, and shall render
judgment on such original or corrected award or umpirage;
or the court may vacate such award or umpirage for any of
the causes hereinbefore specified.'    .    .    .    It seems quite
clear to us that in refusing a jury trial the court committed
no error."    The same result was reached and adhered to in
Spencer v. Curtis, 57 Ind. 221.    [Boyden v. Lamb, 152 Mass.
416; Leonard v. Wading River Res. Co., 113 Mass. 235.]

When we consider also the language of sections 415 and
417, Revised Statutes 1889, providing that when any writ of
error or appeal from a judgment on an award shall be taken,

copies of the original affidavits upon which any application in relation to such award was founded, and of all other affidavits and papers relating to such application shall be annexed to and form a part of the record in the appellate court and such court may reverse, modify, amend or affirm in whole or in part, it seems clear that the legislature intended the proofs on motions of this character should be taken by affidavits and that the appellate courts should hear and review the judgment as in equity cases.

This court in Tucker v. Allen, 47 Mo. loc. cit. 490, held that the design of our statute was to encourage the adjustment of differences in a summary mode. While expressly preserving the right to resort to the courts of equity, the statutory method is itself what learned counsel aptly designates as "a quick bill in equity."

Our conclusion is that the circuit court rightly held that defendant was not entitled to a jury to determine his motion to vacate and set aside the award.

II.    The charge that John J. O'Brien, one of the arbitrators, was guilty of improper conduct in receiving entertainment from John M. Holmes, Esq., was obviously not sustained. In view of the long acquaintance existing between defendant and Mr. O'Brien, the responsible official position held by Mr. O'Brien for eight years, and the fact that neither social nor business relation existed between Mr. O'Brien and Holmes, this imputation is reckless.

Equally groundless is the charge that Mr. Holmes and plaintiff were to share in the award to plaintiff, that is to say, one-third to Holmes and two-thirds to Koerner.

The remaining assignment of error is the failure of the arbitrators to separate and distinguish the amount due from defendant to Koerner individually and the respective sums owing by him in his representative character for the Crown Coal and Tow Company, and the St. Louis, Belleville and Southern Railway Company. The agreement disposes of this

claim.   In the submission Leathe agrees that he is not only liable for the services rendered to him personally, but that "said Leathe is responsible to said Koerner for the amount which may be due him from said companies for services."

It thus appears that as between Koerner and Leathe the latter's liability was primary.   He did not stipulate for separate awards.   His relation to the two companies was not a matter for adjustment by the arbitrators.   The companies were not parties to the award and had the findings been separate they would not have bound the companies in any separate settlements between them and Leathe, not even evidence of their liability to him.   The sole inquiry was Leathe's liability to Koerner.   This obligation being original and personal the arbitrators rightly determined in one award the amount due to Koerner on account of all the services rendered.

The objections to the award were properly overruled by the circuit court.   The judgment was for the right party and is affirmed.   SHERWOOD and BURGESS, JJ., concur.

R. M. NICHOLS for appellant.

KEHR & TITTMANN for respondent.