MARY E. SHAWHAN, Executrix, Appellant, v. GEORGE H. BAKER, Respondent.

Kansas City Court of Appeals, November 11, 1912.

ARBITRATION AND AWARD: Equity. After the institution of this action by plaintiff's testate, the matter in controversy was submitted in writing to arbitration and the suit dismissed. After the award was made and filed a motion was interposed to confirm it, which was sustained. At the hearing on this motion, the losing party offered proof of the pendency of a new suit in

equity attacking the award on the ground that the arbitrator was prejudiced, and therefore committed a fraud against him. *Held,* that the court on proof of the pending suit in equity should have held the motion to confirm the award in abeyance until the disposition of that action.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*Wilson & Wilson* and *George W. Day* for appellant.

(1) Except where deprived of their jurisdiction by statutory enactment, courts of equity have always entertained suits to set aside awards for prejudice or partiality of the arbitrator, and for some other causes. Their jurisdiction in such matters is ancient. 3 Ency. Plead. and Prac. 154; 3 Cyc. 753. (2) The legislative enactment of a measure creating a remedy at law, does not abrogate the remedial jurisdiction of equity in like circumstances, where no intent is expressed in the enactment to extinguish the ancient jurisdiction. Roberts v. Central Lead Co., 95 Mo. App. 581; Woodward v. Woodward, 148 Mo. 241. (3) The forum which the parties created by their agreement no longer exists, one arbitrator having refused to act and the other being prejudiced. Therefore, if the award be set aside, at law, the functions of the court would be exhausted and it could proceed no further, nor could the arbitrator, as contemplated by Sec. 880, R. S. 1909, thus rendering another action requisite to determine the question which the arbitrator was to settle, whereas, the Buchanan Circuit Court can determine every question affecting the award, the demand of appellant on respondent, and every other matter germane to their alleged differences. The mere fact that there is a concurrent legal remedy does not deprive a court of equity of jurisdiction. To do

so, the remedy at law must be adequate and complete. Harper v. Rosenberger, 56 Mo. App. 388; Biddle v. Ramsey, 52 Mo. 153; Barrington v. Ryan, 88 Mo. App. 85; State ex rel. v. Louisiana B. G. & A. G. R. Co., 116 Mo. App. 175; Hanson v. Neal, 215 Mo. 256, 279, 114 S. W. 1073.

*James H. Hull* for respondent.

(1) The filing of a suit in equity is not the proper remedy. The law of Missouri is well established that a suit in equity will not lie where the plaintiff has an adequate remedy at law. Gildersleeve v. Overholtz, 97 Mo. App. 302; Smart v. Judd, 161 Mo. 673; Lime & Cement Co. v. Citizens Bank, 158 Mo. 272. (2) The award of an arbitrator appointed under the statute is conclusive against the parties to the submission, subject only to the grounds of objection specified in the statute, on motion to vacate. Taylor v. Scott, 26 Mo. App. 249. (3) Revised Statutes of Missouri, 1909, section 879, provides that every application to vacate or modify an award shall be made to the court designated in the submission, at the next term after the publication of the award, upon at least ten days' previous notice, in writing, to the adverse party, etc. And the courts have held that where a party aggrieved by an award suffered a term to elapse before filing a motion to vacate the same, he waived his remedy. Will he be permitted to do indirectly what he is prohibited from doing directly? Hinkle v. Harris, 34 Mo. App. 223; Shores et al. v. Bowen, 44 Mo. 396; Reeves v. McGlochin, 65 Mo. App. 537. An award may be set up by way of a plea in abatement to procure a discontinuance of a suit, it is in the nature of a plea in bar to the merits—an answer setting up the award as a full defense against the claim. So that if defendant in answer to plaintiff's petition, read in evidence, should set up the award, if it is a good one, it would

be a full defense and should prove a discontinuance of the suit. Bowen v. Lazalere, 44 Mo. 383; Thompson v. Turney Bros., 114 Mo. App. 697; Hamlin v. Duke, 28 Mo. 166; Barnett & O'Neal v. Grain Co., 156 Mo. App. 463; Railroad v. Calkins, 90 Mo. 538. As the fact of the pendency of the action by appellant against respondent to set aside the award and for an accounting, did not appear upon the face of the petition —respondent's motion to confirm, the objection should have been raised by answer. Having failed to so raise the same it must be held to have been waived by appellant. And appellant is not in a position to raise it at all. Nicholson v. Golden, 27 Mo. App. 132; Warder v. Henry, 117 Mo. 530; Rodney v. Gibbs, 184 Mo. 1; State ex rel. v. Dougherty, 45 Mo. 294; Jacobs v. Lewis, 47 Mo. 344.

JOHNSON, J.—The appeal in this case is prosecuted from a judgment of the circuit court confirming the award of an arbitrator selected by the parties. Pending the appeal the plaintiff in the action, George H. Shawhan, died, and the cause was revived in the name of his executrix.

In November, 1908, Shawhan began an action against the defendant in the circuit court of Platte county, returnable to the December term. The petition alleged that plaintiff and defendant had been engaged as partners in the business of feeding cattle; that the partnership was dissolved by mutual consent in September, 1907; that defendant had been in the exclusive management and control of the business; that on the dissolution of the partnership defendant had rendered a statement of the business to plaintiff showing that he was indebted to plaintiff in the sum of four thousand dollars and had paid plaintiff said amount as in full settlement of plaintiff's share of the assets; that said statement was untrue and that de-

fendant was indebted to plaintiff in a large amount in excess of that shown by the statement.

Facts were alleged tending to show that plaintiff was unfamiliar with the affairs and books of the partnership and that taking advantage of his ignorance defendant had purposely rendered a false statement with the intent to defraud him. The prayer of the petition was for an accounting, for a judgment against defendant for the sum found to be due plaintiff and "for such general relief as equity and good conscience, the facts considered, require." Defendant appeared at the return term and filed a demurrer to the petition. The demurrer was sustained December 17, 1908, and plaintiff was given leave to fille an amended petition in thirty days. The record does not disclose that an amended petition was filed. On January 30, 1909, the parties entered into a written stipulation in which they agreed to arbitrate the differences between them arising out of the matters alleged in the petition.

The gist of the stipulation is contained in the following excerpt: "Now, therefore, we, the said George H. Shawhan and George H. Baker, do hereby submit all matters in difference aforesaid to the arbitrament of J. W. Cox of Weston, Missouri; and if the said Cox shall refuse, fail or neglect to act as such arbitrator, then said differences are in like manner to be submitted to J. S. Morrin, as arbitrator; and whichever of said arbitrat s shall act in the premises shall proceed without dela to hear the evidence offered by either party and to make up his award as soon as the same may be conveniently done, which shall be not later than March 1, 1909, and the said parties hereto do mutually agree to and with each other that they will stand to, and abide by, and faithfully keep and observe, the award so to be made by the said arbitrator, in accordance with the statute in such cases made and provided. Provided, however, that upon the making of said award a copy thereof shall be

served upon the parties hereto within five (5) days after the same has been made up.

"And we do further agree that the award of the arbitrator aforesaid when made, may be made a rule of the circuit court of Platte county, Missouri, and that said court may enter up judgment upon said award in accordance with the terms thereof and of the statute in such cases made and provided. And as soon as may be after the execution of this agreement, said Shawhan agrees to dismiss said action now pending in the circuit court aforesaid against said Baker."

Pursuant to this stipulation plaintiff dismissed the suit March 9, 1909. Cox refused to serve as arbitrator but Morrin, his alternate, accepted, took the necessary oath, heard the evidence offered by the respective parties, and on February 27, 1909, made and promulgated his award which was in favor of defendant. The record does not show whether or not the arbitrator gave notice of his award as required by the stipulation but for present purposes we shall assume that such notice was given and that the proceedings leading to the award were regular. The award was filed in court March 9, 1909, the day on which plaintiff dismissed the action. A motion to confirm was not made at the March term of the court which began on the third Monday of that month but such motion was filed at the following term which began on the first Monday in August. Notice of the motion was given in accordance with the statute (section 876) and defendant appeared in response thereto. The motion asked that the cause which had been dismissed in accordance with the stipulation be reinstated on the docket, that the award be confirmed and that judgment be rendered accordingly.

Plaintiff filed no motion at the March term to vacate the award and we shall assume that inasmuch as the award was published on February 27, and the March term did not begin until the third Monday, he

failed to avail himself of his statutory privilege of attacking the award by motion to vacate. (Section 879, Rev. Stat. 1909.) In the following June and before defendant filed his motion to reinstate the cause and to confirm the award, plaintiff commenced a new suit in equity against defendant in the circuit court of Platte county, in which he attacked the award on the ground, among others, that at the time of his acceptance of the office of arbitrator Morrin, unknown to plaintiff, was prejudiced against him and, therefore, committed a fraud against him and against the administration of justice in assuming to act as judge of a cause while he was in a prejudiced state of mind. The prayer of the petition was that the award be set aside, that an accounting be made, that plaintiff should be awarded judgment for the amount found to be due him and "for such general relief as equity and good conscience may require, the premises considered."

This suit was sent to Buchanan county on change of venue and was pending in the circuit court of that county when the motion of defendant for a confirmation of the award was filed and determined. At the hearing of that motion plaintiff offered proof of the existence and nature of the second suit but did not offer proof to sustain his charge of prejudice on the part of the arbitrator. The court sustained the motion, confirmed the award and rendered judgment for defendant. From this judgment plaintiff appealed. There are other facts in the record but those stated control the disposition of the case.

Counsel for plaintiff say in their brief that "the only questions involved in this appeal are: First, had appellant a right to invoke the jurisdiction of a court of chancery for the relief sought? Second, if he had such right did the showing made by him on the hearing of the motion to confirm, that he had begun and there was pending an action for such relief before the motion was filed, entitle him to have the motion over-

ruled or held in abeyance until his equity suit was determined?" Both of these propositions are answered in the affirmative by their proponent whose position is that our statutes relating to the enforcement or disaffirmance of the awards of arbitrators do not impinge upon the ancient jurisdiction of courts of equity over such subjects but merely provide a concurrent remedy especially in cases such as the present where the award is assailed on the ground of the prejudice of the arbitrator. Further counsel argue that in this case the statutory remedy was not adequate and complete inasmuch as its successful invocation by plaintiff would have left him out of court and compelled him to bring another suit for the enforcement of his cause of action and that the only complete remedy open to him is the one he is attempting to pursue, viz., a single action in equity to set aside the fraudulent award and to adjudge and enforce his cause of action.

The main position of defendant is that the statutory remedy which plaintiff had, to vacate the award on the ground of the prejudice of the arbitrator, was exclusive and not merely cumulative, and that since plaintiff failed to avail himself of that relief in the time prescribed, he waived his right to attack the award. "Objections," say counsel in their brief, "which might have been available in an action on the award or in resisting a motion or rule at law for the enforcement of the award, cannot be made the ground for a bill to set aside the award or judgment thereon unless good excuse is shown for omitting to raise the objection sooner."

The agreement to arbitrate the matters involved in the action then pending contained the stipulation that the "award when made, may be made a rule of the circuit court and that said court may enter judgment upon said award in accordance with the terms thereof and of the statutes in such cases made and pro-

vided." The agreement was executed in conformity
with the statutes and provided for a statutory arbi-
tration. Thus the parties agreed to select another
tribunal for the trial of the cause and provided for
the rendition of a legal judgment to enforce the decree
of the tribunal they created for their mutual benefit.
One effect of the submission to arbitration was the
termination *ipso facto* of the suit in court. "When
the parties agreed to submit the matter in controversy
to arbitration they thereby agreed that the suit be
discontinued. Another tribunal was selected and if
the plaintiff did not voluntarily dismiss his case the
defendant could compel him to do so by motion set-
ting up the submission, or by answer in the nature
of a plea in abatement *puis darrien.*" [Bowen v.
Lazalere, 44 Mo. 1. c. 386.] The filing of the motion
for a rule enforcing the award could not have the
effect of reinstating the action for any other purpose
than that of the motion and had plaintiff attacked the
award by motion to vacate in the time prescribed by
statute and prevailed, the action effectively disposed
of by the submission to another tribunal could not
have been reinstated as one for adjudication in the
circuit court. The submission killed that suit and it
could have no day of resurrection. Plaintiff, there-
fore, is right in his contention that a successful prose-
cution of a statutory motion to vacate would have left
him out of court with an unadjudicated demand which
he could have had adjudged and enforced only through
the medium of another suit. Was he compelled to
suffer the delay and expense of two actions, one a
proceeding at law to vacate the award, and another an
action in equity on his cause of action when the same
result might be accomplished in a single action in
equity?

The statute provides (section 877, R. S. 1909)
that an award may be set aside, on motion of the party

aggrieved, on any of the following grounds: First, that it was procured by fraud, corruption or undue means. Second, that there was evident partiality or corruption on the part of one or more of the arbitrators; third, that the arbitrators were guilty of certain specified acts of misconduct or, fourth, that the arbitrators exceeded or imperfectly executed their powers. In the next section (878) certain grounds are stated on which an award may be modified or corrected by the court on motion of the aggrieved party. In the construction of these statutes the courts of this state have adhered to the doctrine of both ancient and modern acceptation that where the parties select their own tribunal they are bound to submit to the consequences of their choice and the defeated party will not be heard to complain to the courts and invoke their aid when the wrongs of which he complains are merely errors that might be expected to characterize the judgments of judges untrained in the law. As is said by BAKEWELL J., in his very able opinion in Mitchell v. Curran, 1 Mo. App. l. c. 457: "It is too late for those who, for purposes of economy, or to save time, or for any other equally laudable motive, have chosen to submit a controversy absolutely to a tribunal which is not bound by legal rules, to invoke the protection of those despised rules when mischief has been worked by the disregard of them."

It is held in Reily v. Russell, 34 Mo. 524, that a domestic tribunal of this character is not supposed to know anything of law or the rules of evidence; and unless partiality or corruption, gross miscalculation in a matter of figures, or decision in a matter not submitted be shown, the courts cannot interfere either at law or in equity, and it has been the rule in this state from the beginning of our jurisprudence that partiality on the part of an arbitrator that will suport an action for relief by the aggrieved party must be

such as implies a wrongful intent and not a mere error of judgment.

The question in such cases is not whether the arbitrators are mistaken in their award but whether they were corrupt or exceeded or imperfectly exercised the powers conferred by the submission. [Bridgman v. Bridgman, 23 Mo. 272.]

"The rule seems to be general, that when the parties to an action have entered into an agreement, made a rule of court submitting the action to arbitrators upon whose award judgment is to be entered, neither party can rescind the rule." [Allen v. Hickman, 156 Mo. l. c. 58.]

The only exceptions to this rule are those mentioned in the statutes we have noted which, it is fair to say, have put into the form of a legislative enactment the exceptions to the rule of the binding force of an arbitrator's award that were of equitable cognizance before the enactment of the statutes. Partiality in an arbitration of the kind that implies wrongful intent is a species of fraud from which equity has always granted relief and the legislative purpose to preserve that jurisdiction intact and unimpaired and to enact a statutory remedy cumulative to the equitable remedy is expressed in unequivocal terms in section 891 Revised Statutes 1909, which provides that: "Nothing contained in this chapter shall impair, or diminish, or in any way affect, the authority of the court of equity over the awards of arbitrators, or the parties thereto, nor impair or affect any action upon any award, or upon any bond, or other engagement to abide any award."

Counsel for defendant say in their brief "this does not mean that a suit can be maintained such as appellant has instituted, but only means that a party may have relief where the ground of relief is not such as could have been made available at law." We do not think the right to resort to equity in cases such as

the present, where the award is assailed on the ground of fraud on the part of the arbitrators is impaired or curtailed by the statutory remedy. The statute we last quoted expressly says it is not and we perceive no reason for disregarding or altering its mandate. We find this statute first appears in the Revised Statutes of 1855 (section 23, p. 198) and is the counterpart of a New York statute. In Burnside v. Whitney, 21 N. Y. 148, the Court of Appeals, speaking through Judge Denio, held that the statutory remedy was cumulative merely, not exclusive, and that "the party complaining is not to be precluded from availing himself of the more ample powers of the court of chancery, if he considers it for his interest to resort to them." [See also Bissell v. Morgan, 56 Barb. (N. Y.) 369.]

Our own Supreme Court in Hyeronimus v. Allison, 52 Mo. 102, has adopted the same view. We quote from the opinion: "Courts of equity will relieve against the partiality or corruption of arbitrators. [Newland v. Douglas, 2 Johns. 62; 2 Story Eq., 1452.]

"In Strong v. Strong, 9 Cush. 560—a very elaborate and exhaustive opinion—it is held that 'an award may undoubtedly be impeached and avoided by proof of fraud, provided it be fraud practiced upon or by the referees." And the court then further says: 'The great prevalence of arbitration in modern times, while it has led to the courts to adopt more liberality of construction regarding defects of mere form or honest ends, has at the same time been followed by more strictness of judgment as to the character and conduct of arbitrators in the relation of impartiality and integrity both in equity and the common law tribunals. . . . If parties really intend to have their rights decided by impartial judges, they are entitled to insist that each and all of them be impartial. Therefore, proof of bias and strong partiality on the

part of an arbitrator, would form a serious objection to the acceptance of the award.'

" 'It would be no valid answer to the objection, that such referee did not discover undue partiality in the deliberations of the referees, and made no unusual exertion to influence their minds, because it is impossible to determine to what extent their judgment might have reposed on his reasonings and suggestions, or how far their decisions were influenced by him.' If the mind of an arbitrator be tainted by partiality, he manifestly would be guilty of a gross fraud in concealing such bias, of which he must be conscious at the time he is chosen. A court of equity, which narrowly watches every appearance of unfair dealing and repudiates every transaction which bears the dark impress of fraud, would be recreant to the principles on which its very jurisdiction rests to permit an award made under such circumstances to stand.

"And our statute respecting arbitration and references, exhibits strong marks of legislative solicitude, that the arm of a court of equity in this regard should not be shortened, for section 23 of the act referred to, provides: 'Nothing contained in this chapter shall impair, diminish or in any way affect, the authority of a court of equity over the awards of arbitrators or the parties thereto.' So that authorities which might otherwise be pertinent as showing, under different statutory regulations, a preclusion of equitable interference in cases of this sort, have no applicability when a statute such as ours is in force."

The court intimates that the answer in which the equitable defense was raised might have been treated as a statutory motion, but this suggestion does not impair the force of the ruling that the ancient, equitable jurisdiction over cases of this character remains unimpaired and unaffected by the statutes.

Plaintiff has a right to resort to the more ample and complete jurisdiction of equity and having done

so, we think the court on proof of the pending suit in equity should have held the motion to confirm the award in abeyance until the disposition of that action.

The judgment is reversed and the cause remanded. All concur.