STENA KIRBY, In Her Own Right and as Administratrix of Estate of WILLIAM KIRBY, v. CLEO HEATON, Executor of J. G. KIRBY, Appellant.

Division One, July 30, 1926.

1. **ARBITRATION: Time for Motion to Confirm Award.** In a statutory arbitration, a motion to confirm the award is timely if filed within one year of its publication, and if so filed the case must proceed to judgment. The words of the statute (Sec. 603, R. S. 1919) that no motion to confirm the

award shall be entertained after the expiration of one year from the publication of the award means that the motion to confirm should be filed within one year, and not that the motion must be ruled within one year after the publication. And a filing of a motion to confirm and a serving of a copy of the motion and a copy of the award upon the adverse party amount to publication. [Disapproving Taylor v. Franklin, 9 Mo. App. 589.]

2. ———: **Joint Award to Administratrix Individually and in Her Representative Capacity.** In a statutory arbitration, wherein respondent asserted that appellant was indebted to her individually and also to her as the administratrix of her deceased husband's estate for board, room, services and money furnished during a long period of sickness, appellant is in no position to complain that there was no separate finding by the arbitrators of the amount due her individually and of the amount due her in her representative capacity, where the agreement to arbitrate declared the points to be settled were the various controversies existing between her in her individual capacity and as the administratrix of the estate of her deceased husband, and the arbitrators awarded to her "in full settlement of all said matters" a named sum of money and determined that appellant was justly indebted and should pay to her "in her individual capacity and as administratrix of the estate" of her deceased husband said sum. The agreement did not provide for a separate award, and the award was in the language of the agreement, and therefore appellant cannot complain.

3. ———: **Legal Rules.** A statutory board of arbitrators is not bound by legal rules, and those persons who submit their controversies to it are bound by the terms of their written agreement.

4. ———: **Impeachment: Motion for New Trial.** The causes for which an arbitration award may be set aside all pertain to wrongful conduct on the part of the arbitrators (Sec. 604, R. S. 1919); and where appellant in his motion to vacate the award complained of alleged wrongful conduct on their part, and offered affidavits tending to show that they did not in all things respect his rights, and respondent tendered counter affidavits, and the court ruled that the showing made to vacate was not sufficient, but appellant in his motion for a new trial made no complaint respecting the ruling or the alleged wrongful conduct of the arbitrators, the point or complaint is not for consideration on appeal.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 863, p. p. 967, n. 42. **Arbitration and Award,** 5 C. J., Section 288a, p. 123, n. 75 New; Section 369, p. 154, n. 27; Section 514, p. 200, n. 41.

Transferred from Springfield Court of Appeals.

AFFIRMED.

*H. S. Green* and *J. L. Fort* for appellant.

(1) The arbitrators omitted to consider the matters specifically submitted, to-wit, the amount of the indebtedness to Stena Kirby, individually, and the amount of the indebtedness of Green Kirby to Stena Kirby in her official capacity as administratrix of the estate of William Kirby, deceased, and passed upon a question not submitted to them. 5 C. J. 126 and notes 92, 139, 143, 144 and 151: Frissell v. Fickes, 27 Mo. 557; Squires v. Anderson, 54 Mo. 193:

Cochran v. Bartle, 91 Mo. 646; Lorey v. Lorey, 60 Mo. App. 420; Company v. Brubaker, 193 Mo. App. 635. It is clear from the affidavits of the arbitrators, offered in evidence in the trial of this cause, that a part of the sum awarded to the plaintiff consisted of damages done to the farm and health of W. A. Kirby, deceased, and, of course, the arbitrators had no power to consider such items of damages. Frissell v. Fickes, 27 Mo. 557; Squires v. Anderson, 54 Mo. 197. (2) An agreement to arbitrate does not oust a court of jurisdiction. Mecartney v. Trust Co., 274 Mo. 224; Koerner v. Leathe, 149 Mo. 361. (3) Arbitrators, like a judicial tribunal, must give notice to the parties of the time and place of the hearing of the controversy, and must listen to and decide upon the evidence offered by the parties. Dworkin v. Company, 226 S. W. 846. (4) The award should have been vacated upon the motion of defendant, because the mistake of law and fact appears upon the face of the award itself. Valle v. Company, 37 Mo. 446. (5) Where a court of equity is resorted to to set aside an award on the ground of fraud, prejudice or mistake, extrinsic evidence may be resorted to, and the arbitrators may themselves be witnesses. Valle v. Company, 37 Mo. 446; 1 Ency. Ev. 955. (6) It is a very general rule that it may be shown by parol evidence, either in defense or avoidance of an award, that the arbitrators acted in excess of their jurisdiction by considering and passing upon matters not properly within the terms of the submission, or by omitting to pass upon matters submitted to them. Such evidence has a bearing upon the right and power of the arbitrators to make the award. It does not propose to vary the written terms of the award, but to show that the arbitrators did award upon matters not submitted to them. 1 Ency. Ev. 971. (7) To give validity to the confirmation of an award of arbitrators, it must be made within one year after the publication of the award, and when the confirmation is made after the expiration of one year from the publication of the award a motion to set aside the judgment for irregularity saves the point, though no motion in arrest or for new trial is filed, the question being one of jurisdiction. In re Taylor, 9 Mo. App. 589. (8) The evidence clearly shows that Arbitrator Moran, was partial towards the plaintiff. In fact, plaintiff says she selected Moran because he was the best friend her deceased husband had, and since the courts narrowly watch every appearance of unfair dealing and repudiate every transaction which bears the dark impress of fraud, appellant cannot see how it can permit this judgment to stand. Shawhan v. Baker, 167 Mo. App. 25; Sholz v. Mills, 176 Mo. App. 352; Hyeronimus v. Allison, 52 Mo. 102. (9) Equity will relieve against an award obtained by fraud or unfair means. Wynne v. Company, 8 A. L. R. 1083. (10) No motion to confirm the award

shall be entertained after the expiration of one year from the publication of the award. R. S. 1919, sec. 603.

*Wammack & Welborn* for respondent.

(1) Respondent filed and presented her motion for judgment on the award in due time and the same was submitted to the court within less than a year from the publication of the award. The statute (Sec. 603, R. S. 1919) evidently does not mean that, in a case in which the motion was filed and the cause heard and submitted within the year, the court could not then take the cause under advisement and render its judgment on the cause theretofore submitted, even though the actual date of the rendition of the judgment was more than a year after the publication of the award. The respondent did everything she could within the time prescribed by law. She could not control the machinery of the court, nor compel the judge to render his decision before he had his mind made up. Keys v. Keys, 217 Mo. 65; Rassieur v. Zimmer, 249 Mo. 180. (2) The agreement to arbitrate, provides that all matters in controversy as to the indebtedness of Green Kirby to Stena Kirby in her individual capacity and as administratrix of the estate of William Kirby, deceased, said matters of controversy relating to the indebtedness of Green Kirby to said Stena Kirby in her individual capacity and as such administratrix, and of the credit to which said Green Kirby might have been entitled are submitted; that a final judgment may be entered for the amount as shown and decided upon by said arbitrators, and that said judgment, when satisfied, should forever settle all said controversies. The award states that the arbitrators determine and award that in full settlement of all said matters the said Green Kirby is justly indebted to and should pay the said Stena Kirby in her individual capacity and as administratrix of the estate of said William Kirby, the sum of four thousand dollars after allowing all just credits to the said Green Kirby. The parties stipulated that the arbitrators should find the amount due the respondent individually and as administratrix of her husband's estate. They did this because they wanted to get all matters between respondent individually and as administratrix of the estate, and Green Kirby settled, leaving the matter for the division of the award between Mrs. Kirby and the said estate. While this would be an objectionable way to bring a law suit, there is nothing to prevent the parties from agreeing to have this kind of award, and this is what they did. "They did not stipulate for separate awards." Koerner v. Leathe, 149 Mo. 369. "The statutory method of arbitration is aptly designated as a quick bill in equity." Koerner v. Leathe, 149 Mo. 368. See Mitchel v. Curran, 1 Mo. App. 457. (3) Appellant

in his brief discusses other points but these are not raised either in his motion in arrest of judgment or his motion for new trial.

The trial court carefully considered the case and found that there was no corruption, partiality, or misconduct on the part of the arbitrators. This question is not before the appellate court. However, we think the showing made to the circuit court fully justifies its finding and its confirmation of the award. Mitchell v. Curran, 1 Mo. App. 465; Vaughn v. Graham, 11 Mo. 576; Implement & Mercantile Co. v. Blubaker, 193 Mo. App. 637; Bennett v. Russell, 34 Mo. 528; Schinsky v. Rothbaum, 177 Mo. App. 93.

OTTO, J.—The Springfield Court of Appeals having rendered in this cause a decision which all the judges therein sitting deemed contrary to a previous decision of the St. Louis Court of Appeals, rendered in the case of Taylor v. Franklin, a memorandum opinion of which appears in 9 Mo. App. 589, this case, in pursuance of constitutional provisions, Constitution of Missouri, was duly certified to this court.

The opinion of the Springfield Court of Appeals rendered in this cause is reported in 253 S. W. p. 21. From a statement of the facts made by Bradley, J., it appears that the appeal is from a judgment on an award in a statutory arbitration. Respondent claimed that J. G. Kirby was indebted to her individually and also to her as the administratrix of her deceased husband's estate for board, room, services and money furnished during a long period of sickness of J. G. Kirby at respondent's home. The controversy between the parties was submitted to arbitration, but before judgment was given on the award, J. G. Kirby died, and the cause was revived in the name of the executor. The arbitrators made an award to respondent in the sum of $4,000, and the circuit court confirmed this award and rendered judgment therefor, and appellant executor appealed.

It appears that on August 3, 1920, respondent and J. G. Kirby, or as he is designated in the agreement to arbitrate, Green Kirby, entered into an arbitration agreement, which recites that various controversies existed between respondent in her individual capacity and as administratrix of her husband's estate on the one hand, and the said Green Kirby on the other; that said matters in controversy related to the indebtedness of the said Green Kirby to respondent individually and to her husband, William Kirby, deceased. The parties therein agreed to submit all of said matters to a board of arbitration, which agreement named two arbitrators, one selected by each party, and provided that the two selected should select a third arbitrator. It was further agreed that a judgment should be

entered by the Circuit Court of Stoddard County for the amount of the award.

Appellant makes several assignments of error, but when we look to the motion for a new trial we find but two points raised. First, that the order of confirmation was not made within one year after the publication of the award; second, that there was no separate finding by the arbitrators showing the amounts due respondent individually and in her representative capacity.

Section 603, Revised Statutes 1919, among other things, provides that no motion to confirm an award shall be entertained after the expiration of one year from the publication of the award. The award was made on July 27, 1921. Copy of the award and copy of motion to confirm were served on appellant on August 27, 1921, and this last-mentioned date may be considered, under the facts before us, as the date of publication. The award and motion to confirm were filed in the circuit court October 4, 1921. Appellant filed a motion to vacate the award. On October 4th the cause was passed to October 21st. On the last-mentioned date appellant filed affidavits, and respondent was granted twenty days to file counter affidavits. On December 5, 1921, the death of defendant, J. G. Kirby was suggested and the cause was revived against the executor. Summons was ordered for the executor returnable to the March term, 1922. This summons was duly served. At the March term the cause was set for May 8, 1922, during the same term. On May 8th, the cause was submitted and taken under advisement until June 6th. On June 6th the cause was taken under advisement until the next term of court which was in September. During the September term, and on December 6, 1922, more than one year after publication, the motion to vacate was overruled, and the motion to confirm was sustained and confirmation and judgment entered.

Section 603, Revised Statutes 1919, provides that no motion to confirm "shall be entertained after the expiration of one year from the publication on the award." We construe this language to mean that after the expiration of one year from the publication no motion to confirm shall be filed. That is, if the party in whose favor the award is made fails to file a motion to confirm within one year from the date of publication, then the court will not entertain such motion. Keys v. Keys, 217 Mo. 48; 116 S. W. 537; and Rassieur v. Zimmer, 249 Mo. 175, 155 S. W. 24, rule on an analogous question. Those cases construe a section of the administration law as it was in the Revision of 1909. Section 195, Revised Statutes 1909, provided that a claimant "shall present his demand to the court" within two years, etc. It was held that a filing with the clerk was a presentation to the court within the meaning of the statute, and if so filed within

the two years it was not barred although not actually heard by the court until after the lapse of two years.

It appears in the memoranda of the opinion in Taylor v. Franklin, 9 Mo. App. 589, that to give validity to the confirmation of an award it must be made within one year after the publication. We quote from a certified copy of the opinion in the case of Taylor v. Franklin, supra, as follows:

"The principal question arises upon a proceeding to confirm a statutory award made and published by arbitrators on the 23rd day of September, 1874. This award was filed in the court below on the 20th day of September, 1875. A motion to vacate this award was filed by the appellant, but neither this motion nor the date of its filing appears from the bill of exceptions. On the 3rd of February, 1876, the respondent filed a motion to confirm the award. It is stated in the record that this motion was filed by consent of parties and by leave of court *nunc pro tunc* as of September 20, 1875, and there is a memorandum of the clerk of the court below to this effect. On the 3rd day of June, 1878, the court overruled the motion to vacate the award and sustained the motion to confirm the award, and gave judgment accordingly, and at the same term the appellant filed a motion to set aside the judgment confirming the award and to dismiss the case. This motion being overruled an appeal was taken.

"By the 8th section of the chapter upon 'Arbitrations and References' (Wag. St. p. 144) it is provided that 'no award shall be confirmed unless a copy thereof, together with a notice in writing of such motion, shall have been served on the adverse party at least fifteen days before the making of the same if such party be found; or if not, left at his usual place of abode, with some member of the family above the age of fifteen years; and no such notice shall be entertained after the expiration of one year from the publication of the award.' If it could be fairly held from the facts that there was in the present case a motion filed by the appellant to vacate the award, and that the parties submitted, and the court overruled, this motion; that these facts did away with the necessity of the proper service of notice of the motion to confirm the award, it would still be difficult to meet the last clause in the above section, which by negative words prohibits the court from entertaining the motion after the expiration of one year from the publication of the award. In spite of the fact that the motion to vacate was overruled, the motion to confirm was here entertained, and entertained after the expiration of one year from the publication of the award. This confirmation was essential to give the award validity under the statute and impart to it the effect of a judgment. There are reasons for the limitation of time prescribed by the 8th section which are

independent of the motion to vacate, and proceeding thereon cannot avail to supply deficiencies in regard to the motion to confirm the award. The proceeding is statutory and the question clearly relates to the jurisdiction of the court, and its power to render a judgment."

We hold the reasoning in the Taylor case unsound, and that the provision of Section 603, supra, to the effect that "no such motion shall be entertained after the expiration of one year from the publication on the award" should be construed to mean that the statute is complied with if the party in whose favor the award is made filed a motion to confirm within one year from the date of the publication of the award.

Appellant is in no position to complain that there was no separate finding by the arbitrators of the amount due plaintiff individually, and in her representative capacity. On the point the award is as follows: "We, the said arbitrators, having first taken and subscribed an oath as such arbitrators as required by law, and having met together at various times and places and heard the allegations and proofs of the parties offered in regard to said matters, do now determine and award that in full settlement of all said matters the said Green Kirby is justly indebted to and should pay to the said Stena Kirby *in her individual capacity and as Administratrix of the estate of said William Kirby,* deceased (Italics ours), the sum of four thousand dollars after allowing all just credits to the said Green Kirby."

The agreement to arbitrate respecting the point reads: "Whereas, various controversies exist between the undersigned Stena Kirby in her individual capacity and as the administratrix of the estate of William Kirby, deceased; the said Stena Kirby in her individual capacity and as administratrix of said estate, being hereinafter designated as the party of the first part, and Green Kirby, hereinafter designated as the party of the second part, said matters of controversy relating to the indebtedness of the party of the second part to the party of the first part *in her individual capacity and as administratrix as aforesaid* (Italics ours), and of the credits to which the party of the second part is entitled." The agreement then provides that "said parties do hereby agree to submit all said matters to a board of arbitration." The agreement did not provide for a *separate* award. The award followed substantially the language of the agreement with respect to the point under consideration, and appellant executor cannot complain. [Koerner v. Leathe, 149 Mo. 361, 51 S. W. 96.]

In Mitchel v. Curran, 1 Mo. App. l. c. 457, the court speaking of arbitrations in general, and also of the cause before them said: "As manifest corruption in the arbitrators will alone suffice to

set aside an award under the statute; it is too late for those who, for purposes of economy, or to save time, or for any other equally laudable motive, have chosen to submit a controversy absolutely to a tribunal which is not bound by legal rules, to invoke the protection of those despised rules when mischief has been worked by the disregard of them. They must stand the hazard of the die. . . . He who submits to arbitration takes his chances, and those who pass upon the controversy are the sole judges of the law and the facts, and their action, unless manifestly fraudulent, cannot be reviewed by the courts."

On the hearing to vacate defendant offered evidence by affidavits tending to show that the arbitrators did not in all things duly respect and regard his rights.

Plaintiff offered counter affidavits. The circuit court ruled that the showing made to vacate was not sufficient. Section 604, Revised Statutes 1919, sets out the causes for which an award may be vacated. Said section is as follows:

"Any party complaining of such award may move the court designated in the submission to vacate the same upon any of the following grounds: First, that such award was procured by corruption, fraud or undue means; second, that there was evident partiality or corruption on the part of the arbitrators, or any one of them; third, that the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear any evidence pertinent or material to the controversy, or any other misbehavior by which the rights of any party shall have been prejudiced; fourth, that the arbitrators exceeded their powers, or that they so imperfectly executed them that a mutual, final and definite award on the subject-matter was not made."

It will be observed that the causes there set out all go to some wrongful conduct on the part of the arbitrators. In his motion to vacate defendant complained of alleged wrongful conduct on the part of the arbitrators, and this point was before the circuit court, but in his motion for a new trial defendant made no complaint respecting the alleged fraudulent conduct on the part of the arbitrators; therefore that question is not before us.

From a perusal of this opinion it will be observed that we are persuaded to the views of this matter taken by the Springfield Court of Appeals wherein that court held in judgment the essential facts and propositions of law in this cause, and the principal and essential parts of the present record are taken from that opinion, which we herein adopt. The judgment of the trial court is, therefore, affirmed.

It is so ordered. All concur, except *Graves, J.,* absent.